## JESSE DUREN v. G. G. PRESBERRY.

The corner of a survey, though a good call, and one which may control mere course and distance, is not necessarily a more certain and material or more notorious object than a marked line and marked trees called for in a grant, and will not necessarily control calls for those objects.

Where the grant called for the south-west corner of another survey as the beginning corner, and no such bearing trees, or witness trees as those described in the grant were to be found there, nor any marked line running from that corner as described in said grant; but one thousand yards north of said south-west corner on the line of said survey, the witness and bearing trees called for in the grant being found, and also the line called for in the grant running to the second corner: *held*, that the beginning corner called for as aforesaid did not control in fixing the beginning point, but that it would be established by the other objects called for and found upon the ground; because these facts showed that the call for the south-west corner was a mistake on the part of the surveyor, capable of correction by the other objects which were ascertained and corresponded with the calls in the grant.

APPEAL from Cherokee. Tried below before the Hon. R. A. Reeves.

This was an action of trespass to try title brought by the appellee against several defendants. The appellant, Jesse Duren,

intervened in the suit, claiming 287 8-10 acres. The plaintiff claimed under a grant made to Maria Josefa Bersoley of a league of land, and on the trial showed a regular chain of title to himself from the government. The grant, for a beginning point, called for the south-west corner of the Brooks Williams league of land, with certain bearing trees particularly described as to course and distance from the said Brooks Williams' corner, and running north 60° W. to the second corner.

The defendants made no defence; and the intervenor claimed as a pre-emptor of 287 8-10 acres, which had been surveyed and platted, and the field-notes of which had been sent to the general land office, for the purpose of procuring a patent. The intervenor proved that no such bearing trees, or witness trees, as those described in the plaintiff's grant, were to be found at the Brooks Williams south-west corner; nor was there any line marked running from that corner as described in plaintiff's grant. But that one thousand yards north of the south-west corner of the Brooks Williams survey, the witness and bearing trees, or trees corresponding with those as to course, distance and description of trees, were found; and, also, was found a line of old marks running N. 67° W., running to the second corner mentioned in plaintiff's grant.

The establishment of the beginning corner of the grant at the south-west corner of Brooks Williams' survey is contended for by the plaintiff and resisted by the intervenor, who insists that it is on the league line of the Williams survey, one thousand yards north of said south-west corner.

A jury was waived; the cause being submitted to the court, judgment was rendered for the plaintiff establishing his lines and beginning corner as claimed by him, with a writ of possession and costs of suit.

The intervenor appealed, and presents to this court for review the ruling of the court below, that the south-west corner of the Williams survey should be the beginning point of plaintiff's grant.

*T. J. Word*, for the appellant.—The first point is, shall the

33Y

call in appellee's grant for the south-west corner of the Brooks Williams league control, to fix the beginning point? or shall the point one thousand yards north of that point, and where the witness trees and an old line are found, corresponding with the calls in the grant, control?

The proof on this point is, that at the south-west corner of the Brooks Williams league, no witness trees can be found, corresponding with those mentioned in the grant. Nor is there any line marked running from that point to the south-west corner, or second corner, mentioned in appellee's grant. According to the calls in the grant, a line should run from the south-west corner of the Brooks Williams league, north 60° west, the proper distance to the second corner; but no such line is found. Now as there are no witness trees at that place, and no line running from that point to the second corner called for in the grant, the presumption arises that there is a mistake in the calls in the grant. And this presumption is reduced to certainty when the proof shows that, at a point one thousand yards north of the south-west corner of the Brooks Williams league, and on the west boundary line of that league, the witness-trees mentioned in the grant are found; the corner is found, and a plainly marked old line running N. 67° W. to the second corner called for in the grant is also found. This shows that that was the starting point actually made—that the line actually run; and that no line was run, nor trees marked at the south-west corner of the Brooks Williams league. That in fact was not the beginning point; but the beginning point is one thousand yards north of that point. The rule is, "that when a survey is actually made, on the ground, if the marked line can be found and traced, they will control course and distance." (19 Texas, 460–465; Anderson v. Stamps.) The case reviewed in this authority is, in many respects, very much like the case under consideration; but in two very material points it is wholly different, viz: that, first, the south-east corner of the R. Gonzales survey, called for as the beginning corner of the T. Maxwell survey mentioned in the case, Anderson v. Stamps, above referred to, the witness trees and the corner were found (or proven to have existed, though now cut down;) in the case under consideration,

no witness trees or corner, corresponding with those called for in appellee's grant, can be found at the south-west corner of the Brooks Williams league, but they are found one thousand yards north of that point. No line running from the south-west corner of the Brooks Williams league can be found; but a plainly marked line running from a point one thousand yards north of the Williams south-west corner, is found running to the second corner called for in appellee's grant. This shows that an actual survey of the appellee's land was made, beginning one thousand yards north of the point mentioned in the grant; and if so, the land in controversy is outside of his grant. Second. The proof showed that no actual survey was made of the T. Maxwell grant, but that the surveyor supposed his compass injured; and without making an actual survey, he went to the south-east corner of the R. Gonzales survey, and established that as the corner of the T. Maxwell survey. This difference makes this authority sustain the case now before the court, and shows that the survey as actually made must prevail. The rules which must govern in such cases, are further illustrated in the case of George v. Thomas, (16 Tex., 74–87:) "In such cases the course to be pursued is plain. The marked lines are to be followed as far as any trace of them can be found, and the connections made. The lines actually marked must be adhered to, though they vary from the course." And in the case of Williamson v. Simpson, (16 Texas, 433, 441–2,) where greater inaccuracies than exist in the present case were made to give way, to establish the corner actually made. So that upon the first point made in this record, it is believed, that the rulings of the court below are erroneous, both upon principal and authority.

*Moore & Walker*, for the appellee.—The question of title as between appellant and appellee, as to the land claimed by the former, depends upon the true beginning corner of the Bersoley league. If we begin as the title calls, at the south-west corner of the Brooks Williams league, then the land in dispute is included in said league; but the appellant contends that the survey should begin, not at said corner, but at a point one thousand

varas north-east of said corner, in the line of said Brooks Williams league, where are found bearing trees similar to those mentioned in our title, as descriptive of the first corner of our survey, and run thence with a marked line there found, though not the distance or on the course called for in the title, to the second corner.   The court will perceive from this, that the proper decision of the case depends upon the determination as to which of the contradictory calls shall have precedence.   In such cases this court has said in Bolton v. Lann, 16 Tex. R., 96, that the general rules which govern in such cases are well settled, and in fixing the boundaries or locality of land called for in a grant, recourse is to be had, first, to natural objects; second, to artificial marks; third, to course and distance; and it is also said by the court that "the line of a tract of land may as well be the subject of a call as any other object."   Clearly, then, the call for the Brooks Williams corner, (a well known and established object,) must be regarded as a call for a natural object, and will control calls for artificial marks, which appellant contends should govern.   Moreover, if the survey is made as the appellant contends, we have also to violate the call for the course and distance, and we have to give greater weight to a single call for artificial marks, to both a call for a natural object and for course and distance.   It is to be borne in mind, that there is no proof as to the actual fact as to how the survey was made, and we may readily infer that the difficulty has arisen from the surveyor having protracted the line which occasions the discrepancy, for the purpose of making his calculation in a block of surveys; or that it is more probably what is termed by surveyors a random line made in closing a block of leagues, and in writing out the field notes from his field book, he, accidentally or for some reason, reversed the calls, but omitted to make the entry of the bearing trees as marked at the corner of the Brooks Williams league.   This question, I think, has been settled in favor of appellee by a direct decision of this court in the case of Anderson v. Stamps, 19 Tex. Rep., 460, where the court held the calls for adjoining surveys as controlling the marked corners and course and distance, although there

was proof that the survey was made in conformity with said marks.

WHEELER, C. J.—The question submitted to the court below was as to the true beginning corner of the plaintiffs' grant. The court appears to have been of opinion and decided accordingly, that the call for the south-west corner of the Brooks Williams league should control the other calls for bearing trees found to correspond with the calls in the grant, and the other evidence showing that the place where these objects were found was, in fact, the beginning point of the survey. In this opinion we cannot concur. We know of no rule for the construction of grants which would give a controlling influence to a call for the corner of a survey over a call for bearing trees and marked lines, which are found upon the ground to correspond with the calls. The corner of a survey, though a good call, and one which may control mere course and distance, is not necessarily a more certain and material, or notorious object, than a marked line or marked trees called for in a grant, and will not necessarily control calls for those objects.

There can be little doubt, we think, from the evidence, that the beginning corner of the survey as actually made was at the point a thousand yards north of the corner of the Brooks Williams league, where the objects called for and the other marked line were found; and that the surveyor was mistaken in supposing that he was at the corner when he was upon the line a thousand yards distant from the corner of the Brooks Williams league. What distinguishes this case from Anderson v. Stamps, 19 Tex. Rep., is that there are calls in the grant which correspond with the objects found upon the ground. The correspondence of the bearing trees with the calls in the grant, and the marked line running to the second corner of the survey render it reasonably certain, we think, that the point where these objects are found is the true beginning corner of the survey, and that the call for the south-west corner of the Brooks Williams league, is a mistake. We are of opinion, therefore, that the court erred in holding that to be the beginning corner, and giving judgment accordingly for the

plaintiff. The judgment, we think, should have been for the intervenor, and it will be reversed and rendered accordingly.

Reversed and judgment rendered.