### DANIEL TITTERINGTON v. CRAWFORD TREES.
#### No. 6419.

1.  **Calls in Surveys—Charge.**—Where there was testimony tending to show that a corner with bearing trees was found, and that the corner indicated by course and distance was at a different place, it was error to refuse a charge that where there is a conflict in the calls of a survey for natural and artificial objects on the one hand and distance and quantity on the other, the latter must give way to the former where the former can be known and determined; and this though the general rules as to the dignity of calls were correctly given.

2.  **Hearsay as to Boundaries—Opinion.**—A witness testified that a deputy surveyor had pointed out a corner in dispute, and it was proposed to prove by the witness that the bearing trees so pointed out corresponded with the calls in the field notes of the survey.   He was unable to state the facts.   It did not appear that the surveyor pointing out the corner was in a position to know the locality of the corner in dispute. *Held*, the testimony to the declarations of the surveyor and the opinion of the witness touching the identity of the corner were properly excluded.

ERROR from Dallas.    Tried below before Hon. Geo. N. Aldredge. The opinion contains a statement.

*Coombes & Gano,* for plaintiff in error.— 1.  Where natural and artificial objects are called for in a survey and are known or can be determined, calls for distance and quantity must yield thereto.    Anderson v. Stamps, 19 Texas, 465; Davis v. Smith, 61 Texas, 21; Stafford v. King, 30 Texas, 272; Phillips v. Ayres, 45 Texas, 602.

2.   A question of quantity is the least important and most uncertain of all calls, and must yield when in conflict with calls of a higher order shown upon the ground.    Ayres v. Harris, 64 Texas, 302; Bunton v. Cardwell, 53 Texas, 408; Welder v. Hunt, 34 Texas, 46; Johnson v. Schutz, 47 Texas, 578; Buford v. Gray, 51 Texas, 331.

3.    The only exception to the above rules is where it is apparent upon the face of the field notes that the call for a natural or artificial object was a mistake; but since this did not appear it would have been improper for the court to have charged upon this question. Stafford v. King, 30 Texas, 272.

4.    A witness may state his recollection as to whether or not as a matter of fact several different things correspond with each other, when that was the fact he was investigating at the time, where he has forgotten the exact description of these several things. Such a statement would itself be one of fact and not opinion. Reeves v. Roberts, 62 Texas, 552; Tompkins v. Toland, 46 Texas, 590.

*Seay & Lauderdale, S. C. McCormick,* and *A. M Jackson, Jr.,* for defendant in error.— 1. As the general charge of the court contained a full and correct statement of the law of the case, the special charges asked for by appellant were properly refused. Booth v. Upshur, 26 Texas, 70; Booth v. Strippleman, 26 Texas, 441; Browning's Admr. v. Atkinson, 37 Texas, 633.

2.    The excluded evidence was nothing more than the opinion or conclusion of the witnesses, and was properly ruled out. Dunn v. Cole, 5 Texas Law Journal, 386; Gabel v. Weisensee, 49 Texas, 142; Miller v. Jannett, 63 Texas, 82; Turner v. Strange, 56 Texas, 141.

HOBBY, JUDGE.—The judgment in this cause we think should be reversed.

Crawford Trees sued Daniel Titterington in the District Court of Dallas County to recover 23 acres of land described in the petition as a part of the I. A. Hueser 320-acre survey. Trees was the owner of that survey. Titterington was the owner of the I. A. Rockwell 640-acre survey. They were adjoining surveys. The Hueser called for the Rockwell, and although it appears from the date of the respective surveys to have been made a few days before the Rockwell, it was treated as the junior survey.

The question involved in this case was as to the location of the north line and northwest corner of the Rockwell. If this line was located as appellee claimed it was, the land is on the Hueser survey and he was necessarily entitled to recover. If, as claimed by the appellant, it was on the Rockwell, the judgment ought to have been in his favor.

On the 25th day of May, 1886, the cause was tried before a jury; a verdict and judgment was rendered for the plaintiff below, Trees. The defendant, Titterington, prosecutes this appeal.

The first and second assignments are that "the court erred in refusing the defendant's special instruction to the effect that where there is a conflict in the calls of a survey for natural and artificial objects on the one hand and distance and quantity on the other, the latter must give way to the former where the former can be known and determined."

The pertinency of this charge will be seen by a reference to the matter in controversy between the parties to the suit.   In determining the location of the north line of the Rockwell survey the position of its northwest corner became material.

The field notes in the patent described this line as "beginning at the northwest corner of a survey for B. F. Smith, assignee of J. Scroggy; thence north 30 degrees west at 1840 varas crosses Cedar Bluff or Mountain Creek; at 1900 varas a post for corner, from which a hackberry 12 inches in diameter bears south 25 degrees east — varas, and a hackberry 12 inches in diameter bears north 25 degrees east 6 varas."

There is much evidence showing that this corner is well recognized and established on the ground at about 50 or 60 varas west of said Cedar Bluff or Mountain Creek.

Witnesses testified to having seen the stake and bearing trees described in the patent as the northwest corner, and the weight of the evidence located it on the ground as claimed by appellant.

I. K. Wilson, a surveyor, testified to having surveyed the Hueser, Rockwell, and several other contiguous and adjacent surveys; he testified that the north line of the Rockwell and its northwest corner was located on the ground as claimed by defendant, on the west side of Mountain or Cedar Bluff Creek.   He further testified that to take the recognized beginning corner and run the Rockwell survey by course and distance as indicated in the patent and field notes, the distance would give out before reaching said corner; that to prolong said line to the point indicated in the field notes beyond the creek (the stake and hackberry trees described as the corner), it would be about 280 varas longer than the distance called for in the patent.   Under these fact the court charged the jury in general terms as follows:

"If you believe from the evidence that the land in controversy is a part of the Hueser survey, your verdict should be for the plaintiff; but if you believe said land is a part of the Rockwell survey, your verdict should be for the defendant.

"The north line of the Rockwell survey is the true dividing line between that survey and the Hueser survey.   For the determination of this line the following rules are given you:  Calls for surveys are important in the following order:  1.  Calls for natural objects.  2.  Calls for artificial objects.  3.  Calls for course and distance.   But neither absolutely controls another class where such other class more truly indicates, from the evidence, the true locality of the land in controversy."

The rules which have been repeatedly declared by our courts on this subject are no doubt correctly stated in the charge.   But under the facts the rule embodied in the special charge, to the effect that artificial objects, as marked lines and a corner described with the bearing trees called for in the field notes, if found and identified on the ground, would control a

·call in the field notes for distance, should have been pointedly applied to the facts in the case.

The sixth assignment is that "the court erred in excluding the testimony of George Wilson, a witness for the defendant, who testified that when he saw the west corner of the Rockwell survey in 1854, though he could not remember the size, course, and distance of the bearing trees from said corner, they were the same as described in the field notes of the survey, which he had with him at the time."

The seventh error assigned relates to the action of the court in excluding testimony of a like character of defendant's witness Thomas Wilson.

The bill of exceptions referred to, and which is the basis of these assignments, recites that "the witness testified that James Patton, the deputy surveyor in 1854, pointed out to witness the west corner of the Rockwell survey and the bearing trees thereto; that the witness does not remember the distance, direction, or size of said trees. The defendant here offered to prove by said witness that the bearing trees of the J. Rockwell survey as marked, and where they stood, and as far as distance and direction were concerned, were just as described in the field notes." To this the objection was made that it was merely the conclusion of the witness, and not a statement of facts on which the conclusion was based. The objection was sustained and the witness was not permitted to so testify.

This evidence was not admissible. It does not appear from the bill of exceptions that the surveyor who pointed out the corner or trees to the witness was engaged at the time in making the original survey of the land; nor is it shown that he was in a position to know that these were the bearing trees at the corner in dispute.

In the case of Russell v. Hunnicutt, 70 Texas, 659, the testimony of a witness as to the declarations of a surveyor, Conn, shown to be dead, to the effect that a corner which he looked at corresponded with the field notes of the new corner of the Marshall and northeast corner of the Duel surveys, was inadmissible. In that case the surveyor was not shown to have any knowledge of the fact, and it was held that what a surveyor said was a boundary, in the absence of proof that he knew the fact, was too indefinite. Welder v. Carroll, 29 Texas, 317.

There is much stronger reason for the application of this rule to a witness not a surveyor and who derives his information from a surveyor not shown to have knowledge of the fact.

We do not deem it proper to pass on the assignment questioning the sufficiency of the verdict.

For the error before mentioned, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 28, 1890.