## CLAY COUNTY LAND AND CATTLE COMPANY v. MONTAGUE COUNTY ET AL.
### No. 1437

1. **Evidence—Declaration of Deceased Surveyor.**—The declarations of a surveyor, since deceased, relative to the lines and location of a tract of land are not competent evidence where not made when he was pointing out or marking the boundaries, or discharging some duty in relation thereto.

2. **Charge of Court—Presumptions of Fact.**—It is not proper for the charge of court to state inferences and presumptions of fact in reference to the lines and surrounding surveys of the land in controversy, although such presumptions may be stated in the opinion of the Supreme Court on a former appeal of the case.

3. **Charge of Court.**—A charge which states the defense of the ten years' statute of limitation in a form not pleaded is properly refused.

APPEAL from Clay. Tried below before Hon. GEO. E. MILLER.

*J. A. Templeton,* for appellant.—1. The evidence, the admission of which is complained of, was hearsay, was irrelevant, immaterial, and was calculated to prejudice the jury against the appellant's theory of the case, and its admission was reversible error. Russell v. Hunicutt, 70 Texas, 657; Titterington v. Trees, 78 Texas, 567–570; Hunicutt v. Peyton, 102 U. S., 333–369; 1 Greenl. on Ev., sec. 145; 1 Rice on Ev., 408.

2. The general rule is that hearsay evidence is inadmissible, and parties desiring to introduce evidence under an exception to this general rule must clearly show that the evidence offered is within the limits of the exception. Stroud v. Springfield, 28 Texas, 670; Welder v. Carroll, 29 Texas, 335.

3. Any charge as to a presumption arising from a given state of facts, unless it be in those cases in which the law raises a conclusive presumption, is a charge upon the weight of the evidence, and is reversible error. Stooksberry v. Swan, 85 Texas, 563; Heldt v. Webster,

60 Texas, 207–209; Biering v. Bank, 69 Texas, 602; Railway v. Burnett, 80 Texas, 536; Railway v. Robinson, 73 Texas, 286.

4. It is the duty of the trial court to evolve from the pleadings and the evidence the true issues in the case, and to submit such issues to the jury under proper instructions as to the law. Barkley v. Tarrant County, 53 Texas, 257; Kirby v. Estill, 75 Texas, 484.

*John H. Stephens*, for appellees.—1. Declarations and statements of a surveyor, since deceased, relative to the location of a survey made by him are admissible as evidence to prove the location of such survey. Russell v. Hunnicutt, 70 Texas, 658; Welder v. Hunt, 34 Texas, 44; Stroud v. Springfield, 28 Texas, 666; Hurt v. Evans, 49 Texas, 312.

2. A judgment will not be reversed on account of an improper charge, if it is not specially complained of. The attention of the court should have been called thereto by asking instructions on the point, and if no such special instructions are asked, objections to the charge will be waived. Hawkins v. Cramer, 63 Texas, 102; Erwin v. Bowman, 51 Texas, 513.

STEPHENS, ASSOCIATE JUSTICE.—This judgment must be reversed, on account of the admission in evidence, against appellant's objections, of the declarations of the deceased surveyor, Sam Green, conceded in appellee's brief to be material.

These declarations, as detailed by the witness Jones, read: "About 1880, while I lived on, as I supposed, a part of the Montague County school land, which proved to be part of the Z. Stringer survey, same being 160 acres out of the northwest corner of the Stringer survey, Sam Green stayed all night with me, and told me that he thought I was living on Montague County school land and north of the Stringer survey, and that the Stringer survey ought to be over 1800 varas south of Red River;" and by the witness Stephens: "About the year 1880, Sam Green told me that, in locating and correcting the field notes of Montague County school land survey, he did not run on the ground the fifth call in the field notes of the survey, from the Stringer survey north to the river, and that he did not meander the river; that the only line which he did run on the ground was the one beginning at the northeast corner of the Parker County survey, and running thence north to the northwest corner of the Montague County survey, whence he ran east to the river; that he did not run the west line of Montague County survey south from the northeast corner of the Parker County survey, nor did he run either the south or east lines of said survey; that he called for the surrounding surveys according to the official map in his office at the time; that he did not run any of such surrounding surveys on the ground, but called for them in the field notes he made out for the Montague County survey, supposing that the map was correct;" it appearing that these inquiries were made by the witness

Stephens as an attorney at law, at the instance of Montague County, with a view to his employment to bring suit against one Lindsay for a strip of land lying along the north of said school land survey, claimed by said county as a part thereof.

Ellicott v. Pearl, 10 Peters, 412, is an authority directly in point, Justice Story delivering the opinion of the court. This decision was afterwards approved in Hunnicutt v. Payton, 102 United States, 333, in which the Texas cases then extant (1880) were reviewed, and pronounced to be in accord with the prevailing rule, that such declarations, even when made by one in a situation to know, are not competent, unless made when the declarant is pointing out or marking the boundaries, or discharging some duty relating thereto.

Some expressions in the opinion of Justice Collard, in Russell v. Hunnicutt, 70 Texas, 657, might seem to imply that proof aliunde that the deceased witness had knowledge of the facts stated by him would render his declarations admissible; but the case itself is not authority for that proposition. Such holding would be in direct conflict with Ellicott v. Pearl, expressly approved in the subsequent case of Hunnicutt v. Payton, which in turn seems to have been approved in Russell v. Hunnicutt. The chain carrier in the case first cited must have had the same opportunity of knowing the facts declared as did the surveyor in this case. The reasoning employed in the elaborate opinions of the Supreme Court of the United States in the cases cited need not be here reproduced.

We are further of the opinion, that the fourth and fifth paragraphs of the charge should not have been given, and especially the fifth, reading: "If you find from the evidence that the south line of the Parker County school land can be identified on the ground, then the court instructs you that it will not be presumed, in the absence of evidence, that the surveyor who located the Angelina County school land was ignorant of such line. Nor will it be presumed that the surveyor who located the Angelina County school land intended for his lines to conflict with the lines of the Parker County school land."

While these charges but stated the presumptions which the Supreme Court, speaking through Justice Hobby, announced on the former appeal in this case (80 Texas, 392), as warranted by the facts upon which the case was first tried without a jury, it does not follow that, on a trial before a jury, the court would be at liberty to state these conclusions in the charge. They are rather inferences of fact to be drawn by the jury than conclusive presumptions of law to be charged by the court.

The restraints placed by our statute on the action of the trial judge, as that statute has been construed by our Supreme Court, seem to require this holding. Railway v. Burnett, 80 Texas, 536, and cases cited; Stooksberry v. Swan, 85 Texas, 563; Bank v. Day, 87 Texas, 101.

Special charge number 1 requested by appellant was properly rejected, if for no other reason, because it stated the defense of ten years'

limitation in a form not pleaded.   Land and Mortgage Co. v. Bridgeman, 21 S. W. Rep., 141.

None of the other assignments need be considered.

The cause will be remanded for a new trial.

*Reversed and remanded.*

Delivered November 28, 1894.