## J. D. RUNKLE v. H. M. SMITH.

Decided October 31, 1908.

#### 1.—Boundary—Evidence—Patent.

In a boundary suit the fact that only a part of the survey is in controversy is no valid objection to the admission in evidence of the patent to the entire survey.

#### 2.—Boundary—Evidence—Charge.

The issue being one of boundary and it having been shown that three different lines had been run by as many different surveyors, a charge of the court that the lines run by the several surveyors in attempting to locate the boundary in dispute were not binding upon the parties, but that evidence as to said lines was admitted only for the purpose of aiding the jury in locating

the line as it was originally run, was not subject to the objection that it prejudiced appellant's contention that a certain one of said lines was the true line.

### 3.—Limitation—Boundary—Calls in Deed.

A holding under the three or five years statute of limitation must be under a deed and according to the calls in the deed. Although a boundary may be in doubt, a claimant under a deed cannot prescribe to a line or boundary which under no interpretation of the calls could be included in or justified by the calls.

### 4.—Boundary—Estoppel—Privity.

The plaintiff and defendant entered into an agreement as to the boundary line between them; plaintiff lost his title to the land by forfeiture to the State and afterwards bought the same land from another party holding by a different title. Held, there being no privity of estate between plaintiff's latter and former holding, he was not estopped by the agreement as to the boundary.

### 5.—Boundary—Evidence—Hearsay Evidence.

The issue being one of boundary, it was reversible error to allow a third party claiming land on the same survey with the defendant, to testify that he claimed and recognized as the true boundary a line different from that claimed by the defendant. Such testimony was hearsay.

Appeal from the District Court of Comanche County. Tried below before the Hon. J. W. Rieger, Special Judge.

*J. P. Graham* and *Geo. E. Smith,* for appellant.

*Callaway & Callaway,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a suit by H. M. Smith against J. D. Runkle to establish a boundary line between the parties, the defendant's land being a part of the Lampasas County one-league survey, the east line of such survey constituting the boundary between the parties. From a judgment favoring the plaintiff the defendant has appealed.

There is no merit in appellant's contention that the patent offered by appellee was not admissible in evidence, the ground of objection being in effect that the petition claimed only a part of the land described in such patent. The same may be said as to the deed from W. L. Smith and wife to appellee. Nor was there error in telling the jury, as the court did, that the lines of the surveyors Holman, Armstrong and Bucey, in attempting to locate the east boundary line of the Lampasas County survey, were not binding on the parties, but that the evidence of such surveys was only admitted for the purpose of aiding the jury in finding the location of the line as it was originally run. It is insisted that the effect of this charge was to prejudice appellant's rights under his contention that the Bucey survey represented the true boundary line. On the other hand, however, it may be said with equal force that the charge discredited the Holman line, which met the contention of appellee and which the jury appears to have adopted in their verdict. In truth, we do not think the charge was prejudicial to either party, but announced a correct principle of law.

It is earnestly insisted that the court erred in refusing appellant's requested charges submitting the issues of three and five years limitations.

The insistence is based upon the proposition that since the true boundary line was involved in doubt, and since appellant, in pursuance of the Bucey survey, placed his fence where it now is, that that would authorize him to prescribe to such fence, even though it should be found to be east of the east line of the Lampasas County survey, for which his field notes call. We know of no case that would support such a contention, and it seems opposed to the very reason of the statute permitting one to prescribe by those terms. The holding, whether under the three or five years statute, must be under a deed, and to sustain appellant's contention that he could prescribe to a line beyond the calls of his deed under any interpretation of those calls, would be to authorize a prescription against the deed, and not under it at all. The case of Jones v. Andrews, 62 Texas, 649, cited by appellant, and to which we might add, as holding the same doctrine, the case of Bean v. Whitney, 25 Texas Civ. App., 72, does not support appellant's contention in this respect, since in each of those cases some interpretation of the calls of the deeds under which limitation was asserted authorized the claim thereunder to the line to which title was thus perfected. The issues of three and five years limitations were therefore not raised by the evidence, and appellant's requested charges were properly refused.

Neither do we think there was any question of estoppel to be submitted to the jury. The acts upon which appellant predicates the estoppel occurred prior to the inception of this title from the State. In other words, the agreement between appellant and appellee, with reference to the boundary line, was made at a time when appellee owned the land now owned by him but prior to a forfeiture to the State, which he afterwards permitted. After such forfeiture, and after a considerable lapse of time, appellee's son applied for the land, it was awarded to him, and he subsequently conveyed it to appellee. There is no privity of estate in appellee's present holding and the former holding.

There is error, however, for which the cause must be reversed, in the court's ruling upon evidence. Upon the trial appellee's counsel propounded to the witness Burnett the following question: "Mr. Burnett, what line do you claim to as the east boundary line of your land?" To which question the witness answered that he claimed the Holman line for the east line of his land, which lay in the Lampasas County survey, Other testimony of like effect was also admitted over appellant's objections. This was clearly hearsay evidence, and does not fall within any of the exceptions to that exclusionary rule. It was highly prejudicial, we think, to appellant's rights, to permit another person whose land lay within the Lampasas County survey to state to the jury that he only claimed to the Holman line. Such a statement constitutes no legal evidence that the Holman is the true line, but is well calculated to influence the jury to find against appellant, whether such was true or not.

For the error of the court in admitting this evidence the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*