## BRYSON v. FERRILL.
### No. 670.

Court of Civil Appeals of Texas. Eastland.
March 7, 1930.

G. E. Smith, of Comanche, for appellant.
Callaway & Callaway, of Brownwood, for appellee.

LESLIE, J.

In this suit the plaintiff, Bryson (appellant), sued the defendant, W. C. Ferrill, in form of trespass to try title and for recovery and pos-

session of a tract of land specifically described in his petition, and alleged to be a part of the east ½ of section 26, E. T. R. R. Co. land, situated in Comanche county, Tex.

The defendant answered by general demurrer, plea of not guilty, verbal agreement establishing disputed boundary, and three and five years limitation. The demurrer was overruled, and in a trial before the court and jury the case was submitted upon special issues based upon three and five years statutes of limitation. These issues being answered favorably to the defendant, judgment was entered in his favor, and from that judgment the plaintiff prosecutes this appeal. At the conclusion of the evidence, plaintiff requested a peremptory instruction, which was overruled, and some of the plaintiff's propositions are based upon this action of the court.

That portion of the defendant's answer setting up a parol agreement as to the relocation of the fence and the establishing of a correct boundary line was eliminated by the court in his charge. No issue was requested thereon by the defendant, nor was the charge objected to on account of such omission.

█ The third proposition is to the effect that the court erred in permitting the witness J. B. Chilton to state that he formerly owned the northwest quarter of said section 26, and section 25 north of the same, and that a certain plat exhibited to him in the presence of the jury was made by one Nat Holman; the particular objections being that the plat exhibited before the jury was a mere ex parte document, had no verity, that Holman's work as a surveyor, as well as the plat, had nothing to do with the correct and true location of the lands in controversy, and the plat was not verified or identified by Holman, who was not present or a witness at the trial of this cause. The dimensions and distances indicated upon the plat represented the defendant's lands as lapping over upon the plaintiff's. The plat was not introduced in evidence, but the contents of the same appeared to be given before the jury in the manner indicated.

The defendant's claim to what is called the "new fence"—that is, the east boundary line of the land in controversy—is based upon a line running south from what he calls the "Holman Corner," and the materiality of the Holman plat and survey, from the standpoint of the defendant, is summed up in the last sentence of his testimony, which is as follows: "Holman showed me this corner here, the N. E. quarter of Sec. 26."

From what precedes it does not appear that the surveyor Holman was engaged at the time in making the original survey of the lands in controversy nor that Holman had knowledge of the facts in controversy. The plat and declarations of Holman were not shown to have been made in connection with the location of

the boundaries of the land in controversy as originally made and located on the ground, nor to have been made by the one with knowledge or authority to speak upon such matters. As the evidence went before the jury, it was hearsay, and its admission was erroneous under the following authorities: Titterington v. Trees, 78 Tex. 567, 14 S. W. 692; Runkle v. Smith, 52 Tex. Civ. App. 186, 114 S. W. 865; Clay County Land & Cattle Co. v. Montague County, 8 Tex. Civ. App. 575, 28 S. W. 704; Cable v. Jackson, 16 Tex. Civ. App. 579, 42 S. W. 136.

█ We sustain the appellant's fourth proposition, which is as follows: "Where defendant in trespass to try title relies upon three or five years statute of limitation, it is essential that he show, in order to recover under the statute, that his adverse possession, if any, was held under deed or deeds that embraced the land in controversy within their own calls."

The plaintiff claims the land in controversy as a part of the east ½ of said section 26, patented to him and his predecessors in title, August 8, 1890. The defendant Ferrill claimed the same lands as being part of and embraced within the description of the N. W. ¼ of said section, patented to him and his predecessors in title in 1898. In addition, the defendant relied upon the pleas of limitation noted. The plaintiff's grant and patent to the east half are senior to the defendant's patent, and, in the absence of any issue involving limitation, the plaintiff's right of recovery would be apparent to an extent even greater than that claimed in his petition, which stops at what is spoken of in the record as the "old fence," rather than what would appear to be the original true west boundary line of the east half of said section, or the northeast quarter thereof. As to the northwest quarter of said section, owned by the defendant, the evidence appears to establish with considerable certainty the northwest corner of the same, as well as the southwest corner thereof, which latter is identified by his patent as the "N. W. Cor. of the S. W. quarter." From said southwest corner of the defendant's land the next call is east 1,171 vrs. "stone mound N. E. Cor. said S. W. quarter, P. O. marked X S. 3⅔ vrs." Due to this call doubtless arises the confusion with reference to the location of the true land lines between the litigants. Following the eastward course, 1,171 vrs. leads, according to the defendant's testimony, to a stone mound and a post oak marked as above indicated. According to the contention of plaintiff, this passes by the true southwest corner of the N. W. ¼ (defendant's land) by a distance of 178 vrs., and it is the plaintiff's claim that the defendant's line in no event could pass beyond the northeast corner of the S. W. ¼ of said section; that corner being called for in the defend-

ant's patent and evidenced upon the ground by a stone mound.

If it be true that the stone mound and post oak at the extremity of the 1,171 vrs. call, or approximately situated there, be the true southeast corner of the northwest quarter of the section owned by the defendant, then, according to the testimony, the grant covered by the junior patent to the northwest quarter would lap over on the east half of said section owned by the plaintiff. Therefore, while the defendant's field notes call for the distance of 1,171 vrs. east, "stone mound N. E. corner said S. W. quarter P. O. marked X. S. 3⅔ vrs.," the call for distance reaches a point coinciding with a stone mound and post oak marked "X" with bearing S. 10 E. 3.4, approximately the bearing called for in the patent. In other words, this particular eastward call would seem to correspond with the objects and monuments found upon the ground. In such case we think the principle announced in Duren v. Presberry, 25 Tex. 512, would control and rule this case. There it is said: "We know of no rule for the construction of grants which would give a controlling influence to a call for the corner of a survey over a call for bearing trees and marked lines, which are found upon the ground to correspond with the calls. The corner of a survey, though a good call, and one which may control mere course and distance, is not necessarily a more certain and material, or notorious object, than a marked line or marked trees called for in a grant, and will not necessarily control calls for those objects."

From what has been said it is apparent, and upon this record we believe it is conceded by appellee in his brief, that, beginning at the southwest corner of the defendant's land (identified as the northwest corner of the southwest quarter, said section), and running in an easterly direction the distance of 1,171 vrs., the defendant would lack from 30 vrs. (admitted by appellee) to 71 vrs. (claimed by appellant), reaching the line of the "new fence," which he contends marks the east boundary line of his quarter section of land, as well as the east boundary line of the land in controversy, and here sought to be held by the defendant on his limitation pleas. From this it appears that the defendant endeavors to recover a tract of land some 30 vrs. wide and a half of a mile in length, which is not embraced in the field notes of his deeds or patent. Therefore, his pleas of limitation based upon the statutes of three or five years cannot be sustained, for, as said in Lake v. Earnest, 53 Tex. Civ. App. 555, 116 S. W. 865, 867: "In order for appellants to show right of recovery under either the three or five years' statute of limitation, it is necessary for them to show that their adverse possession, if any, was held under a deed or deeds that embraced the land in controversy within their calls."

To the same effect are numerous authorities, among which are: Brokel v. McKechnie, 69 Tex. 32, 6 S. W. 623, 624; Giddings v. Winfree, 32 Tex. Civ. App. 99, 73 S. W. 1066; Anderson v. Stamps, 19 Tex. 460; Carley v. Parton, 75 Tex. 98, 12 S. W. 950; McCaleb v. Campbell (Tex. Civ. App.) 116 S. W. 111; Ward v. Forrester (Tex. Civ. App.) 87 S. W. 751.

Under the three or five years statutes of limitation, a claimant thereunder cannot prescribe to a line beyond the calls of his deed, and the defendant's deeds and patent fall short of claiming the amount of land inclosed by his fence to an extent that we do not regard the difference as being so insignificant as to come within that class of things so small that the law would take no notice of it.

■ We sustain the appellant's fifth proposition to the effect that the defendant's testimony failed to establish that he had paid the taxes upon the land in controversy for the statutory period of five years in succession, and before delinquency. The defendant testified in general terms that he had paid the taxes, but he did not testify that he did so in succession and before delinquency, which would be necessary to mature his claim under the statute of limitation. Baker et al. v. Fogle, 110 Tex. 301, 217 S. W. 141, 219 S. W. 450; Houston Oil Co. v. Niles (Tex. Com. App.) 255 S. W. 604.

We overrule the sixth proposition to the effect that the defendant failed to show actual and visible appropriation of the lands in controversy for the statutory period of time. The evidence is not so clear in this respect as it might be, but, upon another trial, no doubt, the elements that should exist in addition to the mere naked inclosure of the lands will be made to more clearly appear, according to the authorities, some of which are: Peden v. Crenshaw, 98 Tex. 365, 84 S. W. 362; Scott v. Rodgers (Tex. Com. App.) 6 S.W.(2d) 731, 732; Noland v. Weems (Tex. Civ. App.) 141 S. W. 1031; Brown v. Fisher (Tex. Civ. App.) 193 S. W. 357; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265.

The seventh proposition is overruled.

By the eighth proposition the plaintiff contends that the court should have given his requested charge presenting the relative dignity of calls with reference to natural objects, artificial objects, distances, etc. The charge was presented in view of alleged conflicts between calls for monuments and distance. The principles of law announced in the charge are evidently correct, as may be seen from the authorities cited, to wit: Jackson v. Graham (Tex. Civ. App.) 205 S. W. 755, 756; Wilkins v. Clawson, 50 Tex. Civ. App. 82, 110 S. W. 103, 106.

However, the case was being tried and submitted to the jury upon special issues, whereas the charge requested by the plaintiff was a general one, which should not ordinarily be given when the case is submitted upon special issues. If upon a retrial the case is submitted upon special issues, doubtless such submission, if requested, should be made with due regard to the above principles, which the plaintiff sought to have the court call to the attention of the jury by said general charge. See the following authorities which hold it is error to submit general charges in connection with special issues: Chapin v. Burks, 26 S.W.(2d) 426 (by this court); T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; J. M. Radford Grocery Co. v. Andrews (Tex. Civ. App.) 15 S.W.(2d) 218; C., R. I. & G. Ry. Co. v. Abdou (Tex. Civ. App.) 1 S.W.(2d) 493.

In conclusion, we feel impelled to state that the record before us has been very difficult to consider, in view of the fact that the testimony of the witnesses pertaining to lines, corners, monuments, and distances has not been indicated in the statement of facts specifically. For illustration, too often the witnesses were permitted to refer to important lines and corners by the use of such words as "here," "there," and the distance from "this point" to "that point," and so on. We do not know whether this condition in the record is attributable to carelessness on the part of the stenographer or to the indefinite manner in which the witnesses testified, but upon another trial it is to be hoped that the testimony and the plats will reach this court, if at all, in a more understandable form. We considered this character of testimony, and commented upon same in the case of Totten v. Houghten, 2 S.W.(2d) 530, subd. 4.

Since the record is indefinite in material respects, we do not feel authorized to reverse and render the case, but believe the ends of justice will be better subserved by reversing and remanding the same, with the remark that it is our opinion that the true location upon the ground of the northeast corner of the southwest quarter of said section 26 should be determinative of the issue of boundary, and the true location upon the ground of the southeast corner of the defendant's northwest quarter, as it may be determined by following the east course from the southwest corner of said quarter, "1171 vrs. stone mound N. E. corner said S. W. quarter, P. O. marked X S. 3⅗ vrs," should be determinative of the defendant's rights under his pleas of limitation. Of course, in this connection, to determine the east boundary line to which the defendant could prescribe under his field notes, it would be just as essential to determine the true location upon the ground of the "stone mound" called for in defendant's patent as the "stone mound N. W. corner of the East ½

of said Sec. 26." This point or corner should be reached by the call, "North 772 vrs," from the true location on the ground of the southeast corner of defendant's land as same is witnessed by the post oak marked "X," S. 3⅗ vrs. In locating said "stone mound N. W. corner of the E. ½ of said section," the rule announced in the opinion in Duren v. Presberry, supra, would seem to be controlling. These points should be ascertained by the submission of proper issues relative thereto. The matters here alluded to suggest the indefiniteness in the record that forbids a rendition of the case.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.