## BARNES v. CARTER et al.
### No. 3877.

Court of Civil Appeals of Texas. Beaumont.
July 5, 1941.

Rehearing Denied Sept. 17, 1941.

Collins, Williams & Garrison, of Lufkin, Grover C. Lowe, of Woodville, for appellant.

Baker, Botts, Andrews & Wharton and Dillon Anderson, all of Houston, and James E. Wheat, of Woodville, for appellees.

WALKER, Chief Justice.

This is an action by appellant, J. R. Barnes, against appelleees, A. L. Carter, et al., to recover the manufactured value of the timber cut by appellees from the following described tract of land, or in the alternative its value as standing timber:

100 acres of land, the same being a part of the Millholm and situated in Tyler County:

Beginning at Gavino Araujo N. W. corner;

Thence W. at 206 vrs. a stake on the W. boundary line 71 acres deeded from W. T. Carter & Bros. to S. G. Payne, a pine marked X brs. N. 30 deg. W. 6 vrs. and a pine marked X bears S. 15 W. 10;

Thence N. at 630 vrs. a stake on the Feagin S. boundary line, a sweet gum bears W. 4 vrs. and a pine bears N. W. 8 vrs.;

Thence E. with Feagin's S. boundary line at 896 vrs. a stake on Mrs. Barnes' W. boundary line from which a pine bears W. 9 vrs.;

Thence S. at 630 vrs. Mrs. Barnes' S. W. corner on the Gavino Araujo N. boundary line;

Thence W. at 696 vrs. to the place of beginning.

Appellant holds title under J. B. Wilson, to whom the land was conveyed by deed, dated February 28th, 1898, by W. T. Carter and Brother, out of a larger tract owned by them on the Millholm survey. The land which appellant now claims as being within his field notes is part of the land owned by W. T. Carter and Brother on the Millholm when they made this deed to Wilson; appellees hold the disputed strip under Wilson's grantees. On trial to a jury on conclusion of appellant's testimony, judgment was for appellees—they offered no testimony—on an instructed verdict, from which appellant has duly prosecuted his appeal, on the theory that the court erred in instructing the verdict.

The Araujo survey is a five-league grant, surveyed in 1834 in the form of a rectangle, with its four sides straight lines and its four corners right angles. The Millholm survey, containing a league and labor, was patented in 1847, and adjoins the Araujo

on the N. and W., its E. B. line being a common line with the Araujo W. B. line, running S. from the Araujo N. W. corner, and its S. B. line being a common line with the Araujo N. B. line running E. from the Araujo N. W. corner. The S. G. Payne tract, referred to in the Wilson field notes, is out of the N. W. corner of the Araujo; its N. and W. lines being sections of the N. and W. lines of the Araujo and its N. W. corner being the N. W. corner of the Araujo. The Payne tract lies immediately W. of the Kirby tract, which is also out of the Araujo, with its N. E. corner a common corner with the N. W. corner of the Kirby tract, and the N. B. line of the Kirby tract being a section of the N. B. line of the Araujo, an extension E. of the N. B. line of the Payne. The Robert Rotan survey lies immediately E. of and adjoining the Millholm, and immediately N. of and adjoining the Araujo. The Mrs. Barnes tract, referred to in the Wilson field notes, is out of the S. W. corner of the Rotan. The Feagin (referred to also as the Barclay) tract is out of the Millholm and lies about 630 vrs. N. of the N. line of the Araujo. On all the evidence the land described in appellant's field notes is out of the S. E. corner of the Millholm, and bounded on the E. by the Mrs. Barnes tract. On the trial no issue arose as to the location on the ground of the S. B. line of the Feagin (Barclay), its S. W. corner, its S. E. corner, the W. B. line of the Mrs. Barnes tract, her S. W. corner as being in the N. B. line of the Kirby tract (the N. B. line of the Araujo), the N. B. line of the Kirby tract, its N. W. corner, the N. E. corner of the Payne tract, and its N. B. line. Appellant's location of the N. W. corner of the Araujo tract was indefinite and uncertain, so much so that appellees advance a counter proposition to the effect that the evidence did not raise a jury issue on this point. We pretermit a discussion of this counter proposition, and for the purposes of this opinion concede that the evidence was sufficient to send this issue to the jury. The location of this corner as contended for by appellant is marked by a sashweight. In our discussion of the evidence we shall refer to appellant's location of the N. W. corner of the Araujo as the sashweight corner, and to the N. W. corner of the Kirby survey as the Kirby corner.

We make the following statement of the issue between appellant and appellees. Appellant contends that in surveying his land on the ground the surveyor should begin at the N. W. corner of the Araujo (the sashweight corner), run course and distance for the S. W. corner, the N. W. corner and the W. B. line, and for the N. E. corner run to the Mrs. Barnes W. line as an adjoinder, then down her W. B. line to her S. W. corner for his E. B. line, thence W. with the N. B. line of the Araujo to its N. W. corner, the sashweight corner, as the beginning point. Thus surveyed appellant's field notes would contain 176.5 acres of land. Appellees contend that the call for the N. W. corner of the Araujo, the sashweight corner, was a mistake; that the parties mutually intended to call for the N. W. corner of the Kirby tract, and that this fact was established as a matter of law. The verdict was instructed for appellees on their theory of the evidence on this point.

The following statement of the facts is from appellant's testimony; as stated above, appellees offered no testimony. Measuring W. 206 vrs. from the sashweight corner, appellant's surveyor found no stake and no bearing trees, and nothing to indicate their prior existence. Every vara W. from the sashweight corner carried the surveyor that much farther from the Payne tract, this because the sashweight corner is the Payne N. W. corner. Measuring W. from the Kirby corner at 213 vrs. the surveyor found a stake identified as the corner called for in the Wilson field notes by the very bearing trees called for in the field notes; thus the bearing trees were "a pine marked X brs. N. 30 deg. W. 6 vrs. and a pine marked X bears S. 15 W. 10". One of the bearing trees found on the ground bore 29.5° W. 6 vrs. and the other bore S. 16° W. 10 vrs. On this issue Judge Tatum, appellant's surveyor, testified:

"Q. Well, Judge Tatum, those are almost exactly the pines called for in the field notes for the southwest corner of the Wilson tract, aren't they? A. Yes, sir, they fit for it.

"Q. Well, did you ever see within any reasonable area in this part of the world the two calls that would fit or be duplicated as perfectly as that? A. No, sir."

\* \* \* \* \*

"Q. Do you feel as a surveyor, Judge Tatum, reasonably satisfied in your mind that those trees are so located as to probably be the bearing trees for the south-

west corner? (Objection and colloquy of Counsel). A. Yes,—According to the course and distance they fit reasonably well for the southwest corner.

"Q. Did you ever know in your experience, Judge Tatum, of bearing trees at the wrong place being so nearly fit as these are here? That is, in other words, duplicate of bearing trees for course and distance? Did you ever know of such a thing? A. No, sir."

While this point was not in the W. B. line of the Payne tract, it was in the N. B. line of the Payne tract.

Running N. from the S. W. corner of appellant's land, established on the sashweight corner, appellant's surveyor found no marked line for the W. B. line of his land. At the end of the call "N. 630 varas" appellant's surveyor did not find the S. line of the Feagin; in fact, he was several hundred yards W. of the Feagin. He found at that point none of the bearing trees called for in appellant's field notes at his N. W. corner; there were no gum and pine trees near that point. Running N. for the W. B. line of appellant's land from the S. W., corner based on the call from the Kirby corner, appellant's surveyor found a marked line with offsets, about 7 vrs. W. from the stake, and at the end of the call "N. at 630 varas" he was in the S. B. line of the Feagin tract, as called for in the Wilson field notes. At that point the surveyor found gum and pine stumps which could have been the bearing trees called for in the field notes.

Running E. from the N. W. corner, established on the call for the sashweight corner, there was a measured distance of 1,583 varas to Mrs. Barnes W. line, as against the field note call of 896 vrs. Running E. from N. W. corner based on the Kirby corner, the measured distance was only 920 vrs., an excess of only 24 vrs.

The E. B. line of appellant's land being a common line of the W. B. line of the Mrs. Barnes tract, there was no issue as to its location.

Running W. from Mrs. Barnes S. W. corner, on the N. B. line of the Araujo, it was a measured distance of 1,378 vrs. to the sashweight corner, an excess of 662 vrs.; from Mrs. Barnes S. W. corner to the Kirby corner was a measured distance of 704 vrs., an excess of only 8 vrs.

■ On the undisputed facts as adduced by appellant the court correctly instructed the jury to find for appellees, on the theory that the N. W. corner of the Kirby tract was, by the mutual agreement of the parties, the beginning point in the survey of the Wilson tract of land. The only supporting evidence appellant has is the naked call for the Araujo N. W. corner as the beginning point. All the evidence clearly shows that this call was a mistake. Every other call in the deed conflicts with the call for the N. W. corner of the Araujo. Every call in the deed supports the N. W. corner of the Kirby as the beginning point—marked lines, bearing trees, course and distance, acreage; the only discrepancy is a small excess in acreage and in the length of the N. B. and S. B. lines. Our construction of the evidence, that the unsupported call for the Araujo as the beginning point did not raise a fact issue for the jury, is directly supported by Duren v. Presberry, 25 Tex. 512; see, also, Taylor v. Higgins Oil and Fuel Company, Tex.Civ.App., 2 S.W.2d 288; Turner v. Smith, 122 Tex. 338, 61 S.W.2d 792; Boon v. Hunter, 62 Tex. 582; Castleman v. Pouton, 51 Tex. 84; Blake v. Pure Oil Company, 128 Tex. 536, 100 S.W.2d 1009.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.