Lipscomb, J.
There are hut three grounds of error assigned by the appellants, that we believe require any notice from us — the second, third, and fourth.
The second assignment is, that the court erred in overruling the motion for a new trial.
The motion was made on the affidavit of one of the appellants that ho was taken by surprise; but he does not support his motion by showing what the absent witnesses would have sworn to if they had been present; nor does he show any reason why he did not have them in attendance. He swears that he believes that one of the witnesses sworii on the trial was mistaken, from having forgotten the facts about which he testified; and thinks that witness would swear differently since his memory lias been refreshed, if he could have a new trial; but he does not support his application for the new trial by the affidavit of that witness; nor does he show the materiality of what he liad sworn to, or would on another (rial. There was not then any legal grounds shown for a new trial; and the court did not err in refusing it.
The third ground, that there was error in refusing to grant a continuance on the defendants’ affidavit died is not sustained by the record. It does not appear that any motion was made for a continuance. The affidavit is on file ; but no motion appears to have been predicated upon it. The affidavit, however, if there had been a motion for a continuance, is not sufficient; and the motion ought not to have been sustained had it been made.
The fourth assignment presents exceptions to the plaintiffs’ title translated from the original in the general land office, and to its authentication. The correctness of the translation is certified to by the Spanish translator or cleric in the land office; and it is certified, under the seal of the office, that he is the-Spanish clerk in the land office. This last certificate is attested by S. Crosby, the chief clerk of the general land office. These exceptions have been overruled by the decision of this court in Howard and Wife v. Perry, and Swift v. Herrera. (9 Tex. R.) There is no error in the record ; and the judgment fe affirmed.
Judgment affirmed.