HENRY GIBSON V. S. W. HILL.

Where a vendor remains in possession of property after the sale, it raises a *prima facie* presumption that the sale was fraudulent ; and such presumption, though not conclusive, changes the burden of proof, and requires explanation to remove it.

And so to charge is not objectionable as being upon the weight of evidence.

Appeal from Calhoun.   Tried below before Hon. F. Jones.

Henry Gibson recovered a judgment in the District Court of Matagorda county against Claiborne Hill and Wm. Varnell on the 20th day of October, 1856, on which judgment execution was issued October 29th, 1856, and levied November 21st, 1856, on five negroes in the possession of Claiborne Hill, in Calhoun county.

S. W. Hill, son of Claiborne Hill, set up a claim to the negroes, making affidavit and giving bond, as required by the Statute.

Date of affidavit and bond, November 25th, 1856.

The claimant relied upon a bill of sale of the negroes from Claiborne Hill to himself, dated October 17th, 1856, and filed for record on the same day.

The plaintiff in execution impeached the fairness of this sale, alleging the same to have been made to hinder, delay and defraud creditors, and especially the plaintiff in the collection of his judgment debt.

The consideration expressed in the bill of sale was $1931 13, but an instrument executed at the same time by the vendee explains the actual consideration to be the assumption by S. W. Hill of the principal of a debt of some $1218, of ten years' standing, due from Claiborne Hill to his father's estate in Alabama, also the assumption of another debt of $413 13,

due from Claiborne Hill to Gillett, which debt was secured
by a mortgage on one of the negroes, and the further sum of
$300 in cash—making in all the amount expressed in the bill
of sale, $1931 13.

There was testimony introduced on the trial to show that
the negroes were worth $2500. It was proved that they con-
tinued in the possession of Claibore Hill, after the alleged
sale, and were in his possession when the levy was made, and
no proof was offered in explanation of the possession so re-
maining with the vendor.

Verdict and judgment for the claimant, and appeal by the
plaintiff in execution.

*Sherword & Goddard*, with *Stockdale*, for appellant. The
circumstances of this case raise a strong, if not a conclusive
presumption of a fraudulent collusion between Claiborne Hill,
the father, and S. W. Hill, the son, to defeat the collection of
the appellant's demand; and establish such an understanding
and privity between the parties to the pretended sale as to
have warranted the admission of Claiborne Hill's declarations
previous to the sale, for the purpose of showing the nature
and probable design of that transaction.

When it appeared in evidence that this sale was made but
three days before the rendition of the judgment; that the
consideration was much less than the fair value of the negroes,
and consisted in great part of the assumption of a stale and
contingent liability; that the possession of the negroes re-
mained with the vendor, without explanation, from the time of
the alleged sale until the date of the levy; and that the par-
ties to this transaction were father and son—certainly, a suffi-
cient basis was laid for the introduction of Gillett's testimony
as to Claiborne Hill's declarations of his intention to avoid
the payment of this demand; and it was for the jury to find,
from all the facts of the case, whether or not S. W. Hill was

cognizant of his father's intention.   The mere fact that the
son was not present when the declarations were made, was
not a sufficient ground for excluding the testimony from the
jury, and the Court erred in so ruling.

The bare fact that the negroes remained in the possession
of the vendor after the pretended sale was *prima facie* evi-
dence of a fraudulent collusion between the parties ; and in
the absence of all attempt to explain that possession, the pre-
sumption of fraud became conclusive : and the jury should
have been so instructed by the Court in accordance with the
second charge asked by the plaintiff in execution.   (Bryant
v. Kelton, 1 Tex. R. 416 ; Morgan v. Republic, 2 Tex. R.
279 ; 2 Kent. 513 *et seq.*, and other authorities too numerous
to cite.)

The charge given by the Court did not instruct the jury as
to the presumptions arising in the case, and was therefore in-
complete and calculated to leave the jury under an erroneous
impression as to the kind and amount of proof required on
the part of the plaintiff to impeach the bill of sale produced
by the claimant.

Had the jury been properly instructed as to the presump-
tions of fraud arising from such facts as those established by
the proof in the present case, and of the necessity of rebutting
these presumptions in order to vindicate the fairness of the
alleged sale, there can be no doubt that the verdict would
have been for the appellant, as there is no testimony in the
record tending to explain (on any other hypothesis than that
of fraudulent collusion) why the sale was made at that parti-
cular time, for an inadequate and uncertain consideration, and
the negroes allowed to remain in the possession of the pre-
tended vendor.

*Cunningham & Holt*, for appellee.

ROBERTS, J.   The material question in this case arises

on the charge of the Court given to the jury, and on the charge asked by the plaintiff in execution, Gibson, which was refused by the Court.

The Court instructed the jury that they should consider the fact that the vendor remained in possession of the slaves after the sale (among other things) in determining whether the sale was made in fraud of creditors ; without indicating to the jury whether such possession was regarded by the law as conducing to show the fraudulent character of the sale, or its fairness.

The charge asked by the appellant was " that if the jury believe from the evidence that the negroes in controversy remained in the possession of Claiborne Hill, the vendor, after the conveyance to defendent, it is *prima facie* evidence of fraud, and unless that possession is explained satisfactorily and consistently with good faith they will find for the plaintiff Gibson."

We have a Statute which provides that " the Judge shall not in any case, civil or criminal, charge or (comment) on the weight of evidence or testimony, and he shall so frame his charge as to submit questions of fact solely to the decision of the jury, and he shall decide on and instruct them as to the law arising on the facts, distinctly separating all questions of law from questions of fact." (Hart. Dig., Art. 753.)

The law arising upon the fact that the vendor remained in possession of the property after the sale, was the *prima facie* presumption that the sale was fraudulent. Such presumption, though not conclusive, changes the burden of proof, and requires explanation to remove it. Such was the doctrine maintained by this Court in the case of Bryant v. Kelton and Uzzell, adm'r ; in which the subject is reviewed from Twyne's case down to the present time. (1 Tex. R. 415.) In that case Justice Lipscomb lays down the rule by saying " the legal effect, then of the possession remaining with the vendor, would be a presumptive or *prima facie* conclusion that it was frau-

dulent and therefore void.   Such is the law, in a case standing on the naked facts of a claim by the vendee of property, remaining in possession of the vendor, unaccompanied by any other circumstances to rebut such presumption." (Id. 429.)

Such charge would not be objectionable as being upon the weight of evidence.   For the law has attached to such evidence a particular weight, of which the jury should be informed by the Court.

We think that the facts of this case, no explanation of the vendor's possession after sale being given, required that the charge asked should have been given, and that its refusal was error.

Judgment is reversed and cause remanded.

Reversed and remanded.