## C. L. STADTLER v. G. J. WOOD.

The concurrent possession of personal property, by the vendor with his vendee, after the sale, is *primâ facie* evidence of fraud.

On a trial of the right of property in goods taken in execution, the general state of the business and dealings of the defendant in execution, and other matters relating to and affecting the validity of the transfer, together with the claimant's means of information and connexion with the transaction, should be shown, in order that the jury may draw their conclusion as to whether or not the sale was made with a fraudulent intent, and whether or not the claimant had notice of it.

Evidence tending to prove that the defendant in execution was indebted at the time of the sale, is not to be excluded, because there is no direct evidence that the claimant had notice of such indebtedness.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

This was an action to try the right of property in certain goods, wares, and merchandise, levied upon by virtue of an execution from the District Court of Victoria county, for the sum of $223.61, in favor of G. J. Wood, against John W. Maulding.

C. L. Stadtler, the appellant, who was the son-in-law of the defendant in execution, claimed the property in controversy, by

virtue of a transfer thereof to himself and wife, by the defendant in execution, on the 1st of August, 1858, in consideration, as therein stated, of the sum of $2500.

The judgment against Maulding, was rendered on the 20th of August, 1858; the execution issued on the 30th of the same month; and was levied on the 1st of September, 1858.

The testimony showed that, about a month previous to the transfer of the property to Stadtler, he moved into the house in which Maulding, the defendant in execution, resided and was doing business, and subsequently lived with, and clerked for him; and that they lived together, and conducted the business, apparently, in the same manner after, as before the transfer of the goods to the claimant and his wife; except that, subsequently to that time, the sign of the claimant was placed over the store-door, in place of that of Maulding; and that Stadtler, from that time, claimed the property, and Maulding disclaimed all interest in it, though continuing to sell the goods, and act with reference to them in the same manner as before the transfer. It was also proved, that Stadtler was, at the time of the transfer of the property, a poor young man, and that Maulding was then generally reputed to be insolvent.

The plaintiff in execution also offered testimony to prove an indebtedness on the part of Maulding, the defendant in execution, to different persons, at and previous to the transfer of the property; to this the claimant objected, upon the ground that it was "irrelevant and immaterial, and did not go to show, nor was it claimed, that the claimant knew of Maulding's said indebtedness;" but his objection was overruled by the court, and the testimony was permitted to go to the jury; to which he excepted.

There was a verdict and judgment for the plaintiff in execution; and a motion for a new trial by the claimant, which was overruled; whereupon he appealed.

*G. M. Reid,* for the appellant.

*Glass & Phillips, Jr.,* for the appellee.

ROBERTS, J.—The court charged the jury that the concurrent possession of Maulding with Stadtler, after the sale, would make the sale *primâ facie* fraudulent. This, under the facts of the case, was correct; for, if the possession was concurrent, Maulding still remained in the possession, and there was not such a change of possession, as would free the transaction from the imputation of fraud. This charge, as well as others that were given, might well have been explained by additional instructions; and we may presume that, had they been asked by the party interested, they would have been given.

The objections to the evidence of the plaintiff, are founded on the supposition, that Stadtler must have been proved to have had notice of Maulding's indebtedness to his several creditors, and of the other facts tending to show that he was in failing circumstances, before it was competent to give them in evidence. The proper course was, to show Maulding's condition, and the general state of his business and dealings, and other matters relating to and affecting the validity of this sale, and Stadtler's means of information and connexion with the transaction; from all which circumstances, it would be proper for the jury to draw their conclusion, as to whether or not the sale was made with a fraudulent intent, and also, whether or not Stadtler had notice of it.

There is nothing shown in the action of the court or of the jury, that requires a reversal of the judgment.

Judgment affirmed.