## H. H. WISSON V. ANDREW BAIRD.

(No. 475, Tex. L. J., vol. 2, p. 439.)

APPEAL from Lee County. Opinion by ECTOR, P. J.

§ 709. *Assignment of error; office and duty of an.*
The first error assigned is that "the court erred in its
charge to the jury." This assignment is too general. An
assignment of error should be such as to draw the atten-
tion of the court to the particular portion of the charge
intended to be relied on for a reversal of the judgment.

§ 710. *An erroneous charge of court; effect of.* A
charge in itself erroneous will not, in a civil case, be suf-
ficient ground for reversal, when no exception is taken
or additional instruction or counter-charge asked, unless
it clearly appears that the jury were misled by the charge
given and complained of. [Cook v. Wooters, 42 Tex.
294.] When a charge of the court is correct as far as it
goes, but does not cover the whole ground, it is the duty
of the parties to ask an additional charge, if desired. If
the charge was thought to be imperfect or incomplete in
its presentation of the law of the case, it was the right
of the party to supply any supposed omission or imper-
fection by asking the proper instruction. [Stadtler v.
Wood, 24 Tex. 622; Powell v. Haley, 28 Tex. 55; Linn
v. Wright, 18 Tex. 317; Farquhar v. Dallas, 20 Tex. 200.]

§ 711. *Newly discovered evidence; new trial for, when.*
In order to entitle a party to a new trial on the ground
of newly discovered evidence, the applicant must satisfy
the court that the newly discovered evidence came to his
knowledge after the trial; that there was no want of dili-
gence on his part in not obtaining a knowledge of it
sooner; that the newly discovered evidence would proba-
bly change the result on another trial. Such evidence
must be set out in the motion for new trial, which mo-
tion must be accompanied by the affidavit of the witness
by whom it is expected to make the proof, or the absence
of the affidavit must be accounted for; and the newly

discovered evidence must not be cumulative merely. [Graham & Waterman on New Trials, 1021; Burnley v. Rice, 21 Tex. 180; Spillars v. Curry, 10 Tex. 143; Scranton v. Tilley, 16 Tex. 193; Kilgore v. Jordan, 17 Tex. 346.]

§ 712. *Conflict in evidence.* When there is a conflict in the evidence, but it does not clearly appear that the verdict is wrong, as that it is without evidence or against evidence, a new trial will not be granted on appeal. [Mitchell v. Matson, 7 Tex. 4; Sims v. Chance, 7 Tex. 561; Stroud v. Springfield, 28 Tex. 676; Tuttle v. Turner, 28 Tex. 775.]

January 11, 1879.                              Affirmed.