### THE TRADERS NATIONAL BANK v. J. W. DAY.
#### No. 168.

**Sale of Horses—Change of Possession.**

> On the trial of the right of property in a number of horses alleged to have been sold by E. S. to J. W. Day, seized under process against E. S., it appeared that prior to the sale E. S. owned a pasture of 1300 acres, in which the horses, with other livestock belonging to the parties, ran before and after the sale, and that both resided within the pasture, but in separate houses. The testimony was conflicting as to change of control over the horses after the sale. *Held*, that it was not error to refuse an instruction that in the absence of a change of the possession the sale was presumptively fraudulent. No presumption can be drawn from the mere fact of the horses so remaining in the pasture, and the charge would have been upon the weight of testimony.. 103

QUESTION CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Denton County.

*J. Y. Hogsett* and *Alvin C. Owsley*, for appellant.—The instruction which was requested and by the court refused was a correct presentation of the law. Hamburg v. Wood, 66 Texas, 177; Stadtler v. Wood, 24 Texas, 624; Gibson v. Hill, 23 Texas, 82; same case, 21 Texas, 225; Wait on Fraud. Con., secs. 255, 259.

*Smith & Bell* and *Emory C. Smith*, for appellee.—The certified question and explanation thereof show that the evidence in this case raised an issue as to whether there was any visible change in the possession of the property in question from the vendor to the vendee thereof, and as to whether E. S. Day was in the possession of said property after the sale thereof to J. W. Day, the vendee.

In this state of case, it would have been reversible error for the trial court to have given the certified requested charge refused by the trial court, because it would have been in violation of article 1317, Revised Statutes, which prohibits the court from charging or commenting upon the weight of evidence. As has been well said in the case of Railway v. Murphy, 46 Texas, 367: "This statute is mandatory and peremptory. It leaves no discretion to the judge as to whether or not he shall charge

or comment on the weight of evidence.    It is a positive direction to a judge as to what he shall do in the trial of a case in his court, however different may be the mode of trying cases in the courts of other countries of which he may be informed by law writers or precedents."

A case may be so plain, and established by indisputable and uncontroverted evidence, that the trial court might instruct a jury how to find without reversible error.    46 Texas, 368; Lea v. Hernandez, 10 Texas, 137.    To instruct the jury what the legal effect of certain evidence is would be a charge and comment upon the weight of evidence, and error, unless the statute law of the State authorized such instruction.    Teal v. Terrell, 58 Texas, 261; Hedgepeth v. Robertson, 18 Texas, 871; Mitchell v. De Witt, 20 Texas, 294; Eason v. Eason, 61 Texas, 225; Gibson v. Hill, 21 Texas, 225.

GAINES, ASSOCIATE JUSTICE. — The Court of Civil Appeals for the Second District certify for our determination the following question:

"In a case where the sale of personal property (horses) is attacked for fraud, and the jury under the evidence would be authorized to find that there was no visible change in the possession from vendor to vendee after the alleged sale, is it reversible error for the court to refuse to give, at the request of the creditor attacking the sale, the following charge, no charge as to the presumption therein set forth being contained in the charges given, viz.:

"'The court instructs the jury, that if they believe from the evidence that the horses claimed by J. W. Day to have been bought by him from E. S. Day remained after said sale in the possesion of E. S. Day, or in the concurrent possession of E. S. and J. W. Day, or that the possession remained after sale as before sale, then the sale was presumptively fraudulent; and unless the defendant has explained said possession so as to make it consistent with good faith and fair dealing, then you will find for plaintiff as to said horses.'

"In further explanation, it may be added, that the evidence shows that prior to the alleged sale E. S. Day was the owner of a 1300 acres pasture, in which he and J. W. Day resided, but in separate houses, and in which the horses were kept both before and after the alleged sale, together with other stock owned by both parties.    Both parties, however, testified, that the actual control of the horses had changed from vendor to vendee at the time of the alleged sale, but there was other evidence from which the jury would have been authorized to find that this was not the case."

Possession is the usual accompaniment of the ownership of personal property; and a sale of such property is generally attended by a change of the immediate dominion and control over it.    However, where the vendor remains in possession after a sale, the fact tends to show that the transaction is simulated, and is a badge of fraud; and it has been held,

that in such a case evidence that there has been no change of possession is prima facie proof that the sale is fraudulent, and shifts upon the purchaser the burden of explaining the circumstance. Gibson v. Hill, 21 Texas, 225; same case, 23 Texas, 77; Edwards v. Dickson, 66 Texas, 613. But we are of the opinion, that in the case stated in the question certified the rule should not apply.

At the time of the sale under consideration, both the seller and the purchaser had horses running at large upon an extensive pasture, the latter presumably having the right to maintain his horses there. Upon a sale by E. S. Day to J. W. Day of a portion of the former's stock, then running upon the pasture, the reasonable and probable result, under such circumstances, would be that the horses so sold would be left as they were before the sale.

It follows, we think, that no presumption of fraud can be drawn from the mere fact of their so remaining, sufficient to have warranted the court in giving the instruction requested. It seems to us, that the case would not have been materially different in this respect if the horses had been running at large upon an unenclosed range, and had been left there after the sale was consummated.

Stadtler v. Wood, 24 Texas, 622, was a case of " concurrent possession," so called. The property in controversy in that case was a stock of merchandise, exposed daily to sale in the usual course of such business. Before the sale the vendee was the clerk of the vendor. After the sale they both continued to sell in the store house, there being no visible change in the powers and duties of the respective parties. The only outward circumstance to indicate a sale was a change in the sign which was placed over the door. That is a case essentially different from the one under consideration.

We conclude that the charge requested would have encroached upon the province of the jury, and was properly refused; and we may add, that in view of our statute which prohibits the court from charging upon the weight of the evidence, we gravely doubt whether or not the cases cited in this opinion have not gone too far in upholding similar instructions.

Delivered June 4, 1894.