### T. J. HOOKS ET AL. v. MRS. S. M. COLLEY ET AL.

Decided October 11, 1899.

**1. Evidence—Record—Certified Copy of Deed.**

Where a part of Liberty County was by Act of the Congress of Texas (1841) created into Menard County, and its name was by a subsequent act changed to Tyler County, a certificate of true copy of the transcript of a deed recorded in "Vol. A of the deed records of Menard County" was properly made, after the latter act, by the county clerk of Tyler County, and not by the clerk of Liberty County. Rev. Stats. 1879, art. 674.

**2. Same—Copy of Grant from General Land Office.**

Where a certified copy from the General Land Office of the original grant or title to a league of land from Coahuila and Texas, containing field notes identifying the land, recites that a plat of the land is attached, an objection to the admissibility of the copy when offered in evidence because no plat is found attached is not tenable, since the recitals in the copy do not raise the presumption, as against the certificate of true copy, that the plat was in fact attached.

APPEAL from Hardin. Tried below before Hon. L. B. HIGHTOWER.

*Nicks & Bullett*, for appellants.

*Thos. B. Greenwood & Son*, for appellees.

JAMES, CHIEF JUSTICE.—It appears that a certain part of the county of Liberty was by an act of the Congress of Texas (Act of January 22, 1841) designated by the name of "Menard." The identical territory was afterwards constituted Tyler County. Act of April 3, 1846. Tyler County appears, by an Act of April 29, 1846, to have been organized at that time. This record shows a deed recorded by the county clerk of Tyler County in 1850. The certified copy of a deed from W. N. Cox to David Brown relative to the land in controversy, which the court admitted in evidence, appears to have been from a book known as volume A of the record of deeds of Menard County.

A certified copy of a deed from the original grantee Cox to David Brown, of date September 21, 1838, purporting to convey the land in question and certified by the county clerk of Tyler County, was allowed in evidence over objections of defendants. The question to be considered

here is confined to what is raised in appellants' brief. There is but a, single proposition presented to us by appellants on this subject, as follows: "A certified copy of the record of a deed must emanate and come from the proper and legal custodian of that record. And the county clerk of Liberty County is the proper and legal custodian of the law records of the old judicial district or county of Menard." It will be seen from this that the objection presented to us is that the copy was not admissible because it should have been given by the county clerk of Liberty County. If this particular objection prove untenable, that is, if such clerk was not the legal custodian of such record, the assignment should not be sustained.

Questions are discussed which to us appear immaterial to this particular question. The territory of Tyler County was detached from Liberty and organized at an early date; and under article 787, Revised Statutes of 1879, if not by force of previous legislation, it was the duty of the county clerk of Liberty County to deliver any records he had pertaining to Tyler County to the county clerk of the latter county. The territory of "Menard" and of Tyler County was the same; any record relative to this territory was not intended to remain with the clerk of Liberty County, and such a record book or books as the record of deeds of Menard was properly deliverable to the clerk of Tyler. County. It appears to have come into the latter's custody, and presumably this was by delivery from the clerk of Liberty County in the performance of this duty. Under this state of facts it must, it seems to us, be held that the county clerk of Liberty County was not the proper custodian of such record in 1898, when the certified copy was issued. This is the only question we have to decide, as the matter is presented by appellants' proposition.

Plaintiff was allowed to introduce a certified translated copy from the General Land Office of the original grant or title from Coahuila and Texas to W. N. Cox. The objection was that the instrument recited that a map or plat of the land was attached thereto, and the certified copy contained no plat, and its absence was not accounted for. The field notes of the land made by the surveyor are specific and conclude thus: "Its shape is represented on the accompanying duplicate maps." The commissioner ordered one of the maps attached to the original and one to· the testimonio. The final grant by the commissioner describes the land as "one league of land situated on the western side of the Nueces River,. the boundaries whereof are described on the map and field notes returned by citizen David Brown, surveyor, as is seen in these proceedings."  ·

The translated copy was properly certified as a correct translation of the original title and admissible under Revised Statutes, article 2306. Spillars v. Curry, 10 Texas, 143. In the absence of testimony it must be presumed that the copy discloses the instrument as it exists in the Land Office. It is not pretended that the field notes fail to identify the land, or that the plat was essential to an understanding of the grant. It may be, for all that is stated in the document, that it was in fact not attached to the title when finally prepared and delivered. We conclude·

that the recitals in the copy do not raise the presumption, against the certificate of the officer, that the plat was really attached.

The eighth assignment of error must be overruled, as it appears that plaintiff's title was the elder, and facts are not shown that would place defendants in the attitude of bona fide purchasers for value. The judgment is affirmed.

*Affirmed.*