

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1100-15

**ABRAHAM JACOB PROENZA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### CAMERON COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY and KEEL, JJ., joined.

Traditionally, the rule was that a party had to object at trial in order to preserve a complaint about an improper judicial comment.[1] Then, in a plurality opinion in *Blue*,[2] this Court said that some judicial comments—if they were bad enough—could constitute reversible error even if they were

---

[1] *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App.1983).

[2] *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality op.).

raised for the first time on appeal.[3] Then, in *Unkart*,[4] we held that *Blue* had no precedential value,[5] which has resulted in a steady decline in the number of opinions citing to *Blue.* Now, however, the Court greatly expands the effect of the non-majority, non-precedential holding in *Blue* by exempting all judicial comments in front of a jury from the contemporaneous-objection rule. In doing so, the Court overturns decades of caselaw, gives inventive appellate attorneys the ability to blindside trial judges, and fashions a regime that will entangle the appellate courts in micromanaging the conduct of jury trials. After this opinion, *every* statement made by a trial judge in front of a jury is subject to being examined under an appellate microscope. This is true no matter how innocuous the statement and regardless of whether anyone at trial perceived it to be offensive.

Since the beginning of the millennium, *Blue* has resulted in a steady stream of opinions in which courts of appeals consider and reject unpreserved improper-comment claims or, occasionally, find reversible error—only to be reversed by this Court every single time that decision is challenged here. Now that even minor comments are fair game on appeal, the number of meritless claims can only grow. Instead of continuing this exercise in futility, we should disavow *Blue* in its entirety[6] and hold that complaints under Article 38.05, just like most other claims, are subject to forfeiture.[7]

---

[3] *Id.* at 130-32 (recognizing general rule with respect to judicial comments but taking notice of fundamental error in the case before it).

[4] *Unkart v. State*, 400 S.W.3d 94 (Tex. Crim. App. 2013).

[5] *Id.* at 100.

[6] I do not use the term "overrule" because a court can overrule a decision only if it is binding precedent and *Blue* is not binding precedent. But a disavowal would be as much a negation of the *Blue* decision as would occur if *Blue* had been binding precedent and were overruled.

[7] The Court does not decide whether the right involved here is a category-one right under *Marin* or a category-two right. *See infra* at n.10 and accompanying text. If it is eventually held to

## A. Requiring Preservation is the General Rule

Texas Rule of Appellate Procedure 33.1 requires the appealing party to raise a complaint at trial before he can raise it on appeal.[8]   Although the rule speaks of no exceptions, we have recognized the existence of exceptions under the three-tiered approach to error preservation in *Marin*.[9]   Under *Marin*, our system contains three types of rules: (1) absolute or systemic requirements or prohibitions, (2) rights that must be implemented unless expressly waived, and (3) rights that are implemented upon request.[10]  *Marin* was a "watershed" decision in the law of error preservation,[11] and questions of "fundamental error" must now be considered within its framework.[12]

*Marin* explained that most rules fall within its third category—rights that are forfeited by inaction.[13]  All but the most fundamental rights are forfeited if not insisted upon by the party to

be a category-one right, an improper-judicial-comment claim would then appear to eligible for consideration for the first time even on habeas review.  *See Smith v. State*, 463 S.W.3d 890, 896 (Tex. Crim. App. 2015).  *See also Ex parte Carter*, 521 S.W.3d 344, 348 (Tex. Crim. App. 2017) (plurality op.); *Ex parte Marascio*, 471 S.W.3d 832, 850 (Tex. Crim. App. 2015) (Yeary, J., concurring).

[8]  Tex. R. App. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.").

[9]  *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).  *See infra* at n.10 and accompanying text.

[10]  851 S.W.2d at 279.

[11]  *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); *Sanchez v. State*, 120 S.W.3d 359, 365 (Tex. Crim. App. 2003); *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003).

[12]  *Mendez*, 138 S.W.3d at 341; *Sanchez*, 120 S.W.3d at 366.

[13]  *Marin*, 851 S.W.2d at 278.

whom they belong.[14] Almost all error—even constitutional error—may be forfeited if the appellant fails to object.[15] We have characterized the first two *Marin* categories as "small" or "narrow."[16]

A logical corollary of the fact that almost all errors fall within the third *Marin* category is that, when an appellate court is faced with categorizing a particular rule, a conclusion that the rule falls within *Marin* category three is the default position. According a particular rule status under one of the first two categories of *Marin* requires sufficient reasons to justify that decision. Otherwise, the norm articulated by the contemporaneous objection requirement found in Rule 33.1 should control. The question in this case, then, is whether there is sufficient justification for exempting the type of complaint before us from the usual rules of procedural default.

### B. The Statutory Language Does Not Require Judicial-Comment Complaints to be Non-Forfetitable

The statute prohibiting judicial comments provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.[17]

The Court points out that the statute is phrased in mandatory language ("shall not"), but as the Court

---

[14] *Id.* at 279. *See also Peyronel v. State*, 465 S.W.3d 650, 652 (Tex. Crim. App. 2015) (quoting *Marin*).

[15] *Fuller v. State*, 253 S.W.3d 220, 232 & n. 48 (Tex. Crim. App. 2008) (citing Rule 33.1 and *Aldrich*).

[16] *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) ("narrow exceptions"); *Garza v. State*, 435 S.W.3d 258, 260 (Tex. Crim. App. 2014) (same); *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013) ("two relatively small categories of errors"); *Aldrich*, 104 S.W.3d at 895 (same); *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (same).

[17] TEX. CODE CRIM. PROC. art. 38.05.

also recognizes, mandatory language, and the use of the word "shall" in particular, "does not necessarily mean that the statute identifies an absolute prohibition or a waiver-only right that can be invoked for the first time on appeal under the *Marin* categories."[18] In *Trinidad v. State*, we so held in the course of determining that a violation of the prohibition against a person being with the jury while it is deliberating was forfeitable if the defendant was aware of the violation.[19] The statute in that case is similar to the statute at issue here in that both use "shall" in conjunction with a negative: In *Trinidad*, the statute commanded, "No person shall be permitted to be with the jury while it is deliberating,"[20] while the statute at issue here says that the judge "shall not discuss or comment upon" the weight of the evidence.[21] Similarly, the statutory exclusionary rule found in Article 38.23 provides that, "No evidence obtained . . . in violation of [law] shall be admitted in evidence against the accused on the trial of any criminal case."[22] Despite the negative "shall" command, we have construed the statutory exclusionary rule to be a forfeitable right.[23]

It is true that the judicial-comment statute specifically refers to the "judge" in connection with its mandatory language, but it is hard to imagine how a judicial-comment statute could omit a

---

[18]  *See Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010).

[19]  *Id.*

[20]  *Id.* (quoting TEX. CODE CRIM. PROC. art. 36.22).

[21]  TEX. CODE CRIM. PROC. art. 38.05.

[22]  TEX. CODE CRIM. PROC. art. 38.23.

[23]  *See Buchanan v. State*, 207 S.W.3d 772, 774-76 (Tex. Crim. App. 2006) (defendant required to raise complaint about failure of arrest to comply with Chapter 14 of the Code of Criminal Procedure to raise complaint on appeal that evidence should have been excluded under Article 38.23).

reference to the judge.  And while Article 38.23 does not refer specifically to the judge, its "shall"

language clearly applies to the judge, who is tasked with ruling upon the admissibility of evidence.

Moreover, the judicial-comment statute, codified at Article 38.05, is in Chapter 38 of the Code of

Criminal Procedure, which is titled "Evidence in Criminal Actions," and which contains a number

of evidentiary provisions that prescribe forfeitable rights.[24]  That is not to say that every provision

in Chapter 38 prescribes a forfeitable right, but the status of Article 38.05 seems sufficiently

ambiguous to require resort to other factors to determine the nature of the right in question.

### C. Historically, Judicial-Comment Complaints Had to be Preserved

The Texas statutory prohibition against judicial comments is not required by the United

States Constitution: allowing judicial comments on the evidence is a common-law tradition in

federal court,[25] and federal trial courts are explicitly allowed to question witnesses.[26]

---

[24] *See* TEX. CODE CRIM. PROC. chapter 38, *passim*.  *See e.g.*, *id.* arts. 38.071, 38.072, 38.22, 38.23, 38.37.

[25] *Quercia v. United States*, 289 U.S. 466, 469-72 (1933); *United States v. Jara-Favela*, 686 F.3d 289, 297 (5th Cir. 2012); *United States v. Frederick*, 406 F.3d 754, 762 (6th Cir. 2005); *United States v. Ryan-Webster*, 353 F.3d 353, 364 (4th Cir. 2003) ; *United States v. Jaynes*, 75 F.3d 1493, 1503 (10th Cir. 1996).  *But see United States v. Mundy*, 539 F.3d 154, 158-59  (2d Cir. 2008) ("For good reason, that practice has fallen into widespread disfavor, absent special circumstances . . . . Especially in a criminal trial, in which the defendant often declines to present evidence, the court's marshaling of the evidence often amounts substantially to a repetition of the prosecutor's summation. Today, marshaling of evidence is rarely practiced in federal court.").

[26] FED. R. EVID. 614(b); *United States v. Lanza-Vázquez*, 799 F.3d 134, 143 (1st Cir. 2015), *cert. denied*, 136 S. Ct. 920 (2016) ("It is well-established that a judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.  He or she thus has a perfect right—albeit a right that should be exercised with care—to participate actively in the trial proper.") (citing *Quercia*, citation and internal quotation marks omitted).  *But see United States v. Ottaviano*, 738 F.3d 586, 595 (3d Cir. 2013) ("Federal Rule of Evidence 614(b) allows judges to question witnesses and act as more than 'a mere moderator.' But a judge must not 'abandon his or her proper role and assume that of an advocate.  [I]solated questioning to clarify ambiguities is one thing, but a trial judge cannot take over the

We have said, "Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial."[27] The use of the word "ordinarily" is a product of the plurality decision in *Blue*, which granted relief as a result of a judicial comment despite the absence of an objection.[28] Before *Blue,* no such qualification was employed. In *Minor v. State*, we said simply, "When no objection is made at trial to the judge's statements nor any request made to instruct the jury, nothing is presented for review."[29] Other cases that predated *Blue* made similar unqualified statements in rejecting unpreserved judicial-comment claims.[30] Even when a comment was thought to indicate judicial bias, the parties have historically been required to raise such claims at trial:

> Prejudice of a trial judge not based on interest is not a legal disqualification. If prejudice or opinion of guilt is indicated or shown the judge's rulings are subject to close scrutiny. The right to complain lies not in the alleged prejudice of the judge but in any errors in his rulings and conduct of the trial. The appellant complains of several errors in the trial whereby the trial judge allegedly manifested prejudice and commented on the evidence on numerous occasions. When no objection is made at trial to the judge's statements nor any request made to instruct the jury, nothing is

---

cross-examination for the government to merely emphasize the government's proof or question the credibility of the defendant and his witnesses. The judge's participation must never reach the point where it appears clear to the jury that the court believes the accused is guilty.") (citations, internal quotation marks, brackets, and ellipsis omitted). At some point, however, a trial judge's comments or questioning can violate a defendant's constitutional due-process rights. *See Lanza-Vázquez* and *Ottaviano, supra*.

[27] *Unkart*, 400 S.W.3d at 99.

[28] *See id.* at 99 n.15 (citing *Blue*, 41 S.W.3d at 131 (plurality op.) ("the general rule is that counsel must object to the trial judge's comments during trial in order to preserve error")); *Blue*, 41 S.W.3d at 133 (granting relief).

[29] 469 S.W.2d 579, 580 (Tex. Crim. App. 1971).

[30] *Havard v. State*, 800 S.W.2d 195, 211 (Tex. Crim. App. 1989); *Sharp v. State*, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986); *Sharpe*, 648 S.W.2d at 706; *White v. State*, 601 S.W.2d 364, 366 (Tex. Crim. App. 1980); *Woods v. State*, 569 S.W.2d 901, 904 (Tex. Crim. App. 1978).

presented for review."[31]

### D. Equity and Policy Favor Giving Trial Judges the Opportunity to Address and Cure Complaints about Judicial Comments

One of the rationales for requiring a timely objection at trial is to give the trial judge the opportunity to cure error.[32] In explaining the law and giving instructions, a trial judge might comment on evidence without meaning to. It is possible that such an inadvertent comment could be prejudicial but could and would be cured if the impropriety were explained to the trial judge or otherwise brought to the judge's attention. A review of cases suggests that an objection is not

---

[31] *Minor*, 469 S.W.2d at 580. The Court says that it is up to the legislature to decide whether it disagrees with the new rule the Court articulates today, but the matter *has* been left to the legislature, and the rules of statutory construction support my position—not that of the Court. Texas has prohibited comments on the weight of the evidence almost since it achieved statehood. *See Gibson v. Hill*, 21 Tex. 225, 228 (Tex. 1858) ("We have a statute which provides that 'the judge shall not in any case, civil or criminal, (charge or comment) on the weight of the evidence or testimony'"). Along with the statutory prohibition, we have a long history of requiring complaints about improper judicial comments to be brought to the trial court's attention before they could be raised on appeal. *See Newton v. State*, 150 Tex. Crim. 500, 509 (Tex. Crim. App. 1947) ("We have examined the authorities relied upon by appellant and are in accord with their holding that a violation of this statute will ordinarily result in a reversal if the point is properly preserved by an exception to the court's remark."). Only a plurality in *Blue* indicated that a complaint about a judicial comment might ever be exempted from preservation requirements and only for an exceptional case. Because the legislature has recodified the prohibition against judicial comments several times, *see Gibson*, *Newton*, and *Minor*, *supra*, we should infer that it has approved of our construction of this right as one that is forfeitable. *See State v. Medrano*, 67 S.W.3d 892, 902 (Tex. Crim. App. 2002) ("[W]hen a legislature reenacts a law using the same terms that have been judicially construed in a particular manner, one may reasonably infer that the legislature approved of the judicial interpretation."). As Judge Newell has pointed out in his concurring opinion, *Marin* is good at explaining how to treat violations of particular rights if we already know how those rights are to be categorized but is not as helpful with categorizing the rights in the first place. Instead of relying upon loose language in *Marin* to upend the parties' historical responsibility for enforcing Texas's comment-on-the-weight-of-the-evidence prohibition through trial objections, the Court should adhere to the historical practice (on which *Blue* was a slight aberration) and leave any change in that practice to the legislature if it ever desires to do so.

[32] *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991).

necessarily futile, because there are cases where a judge has given a curative instruction when confronted with a claim that the judge made an improper comment.[33] An instruction to disregard is generally sufficient to cure error from an improper judicial comment.[34] As Professors Dix and Schmolesky have observed, "If a trial judge improperly comments on the weight of the evidence, an instruction to the jury to disregard is generally effective."[35]

Moreover, anything a judge says in front of a jury could potentially be examined for its propriety.[36] An inventive appellate attorney might be able to find fault with a statement that no one who attended the trial thought was objectionable. And the appellate court might be hampered by the

---

[33] *See Nelson v. State*, 661 S.W.2d 122, 123-24 (Tex. Crim. App. 1983); *Jackson v. State*, 548 S.W.3d 685, 695 (Tex. Crim. App. 1977); *Hernandez v. State*, 530 S.W.2d 563, 565 (Tex. Crim. App. 1975); *Hernandez v. State*, 507 S.W.2d 209, 211-12 (Tex. Crim. App. 1974); *Lewis v. State*, 503 S.W.2d 806, 809 (Tex. Crim. App. 1974); *Lee v. State*, 454 S.W.2d 207, 208-09 (Tex. Crim. App. 1970); *Burge v. State*, 443 S.W.2d 720, 724 (Tex. Crim. App. 1969); *Crenshaw v. State*, No. 02-14-00192-CR, 2015 Tex. App. LEXIS 3298, *10-11 (Tex. App.–Fort Worth April 2, 2015, no pet.) (not designated for publication); *Green v. State*, No. 14-12-00601-CR, 2013 Tex. App. LEXIS 14770, *5-6 (Tex. App.–Houston [14th Dist.] December 5, 2013, pet. ref'd) (not designated for publication); *Wilson v. State*, No. 05-07-00903-CR, 2008 Tex. App. LEXIS 5143, *8-10 (Tex. App.–Dallas July 10, 2008, no pet.) (not designated for publication); *Salinas v. State*, No. 07-99-0513-CR, 2001 Tex. App. LEXIS 3845, *13-16 (Tex. App.–Amarillo June 12, 2001, pet. ref'd) (not designated for publication); *Fletcher v. State*, 960 S.W.2d 694, 701 (Tex. App.–Tyler 1997, no pet.); *Parrish v. State*, No. 01-94-00194-CR, 1995 Tex. App. LEXIS 1573, *18 (Tex. App.–Houston [1st Dist.] July 13, 1995, no pet.) (not designated for publication); *Hicks v. State*, 901 S.W.2d 614, 617 (Tex. App.-San Antonio 1995, pet. ref'd); *Silva v. State*, 831 S.W.2d 819, 823-824 (Tex. App.–Corpus Christi 1992, no pet.); *Tennison v. State*, 814 S.W.2d 484, 485-486 (Tex. App.–Waco 1991, no pet.); *Strong v. State*, 805 S.W.2d 478, 489-90 (Tex. App.–Tyler 1990, pet. ref'd).

[34] *Marks v. State*, 617 S.W.2d 250, 252 (Tex. Crim. App. 1981). *See also Green v. State*, 476 S.W.3d 440, 449 (Tex. Crim. App. 2015) (citing *Marks* for that proposition).

[35] George Dix and John Schmolesky, 43A TEXAS PRACTICE § 53:98 (p. 1087) & n.2 (2011) (citing cases).

[36] *See infra* nn.40-42.

fact that it reviews only a cold record and is not able to view tone and demeanor[37] that could mark the difference between an innocent statement and a prejudicial comment. By contrast, the parties at trial are in a position to observe the trial judge's tone and demeanor, and a failure to complain about a particular comment would suggest that the comment was probably innocuous.[38] If appellate attorneys are allowed to litigate the propriety of anything a trial court says, regardless of the presence or absence of a trial objection, then appellate courts could well find themselves micromanaging the practices of trial courts, a task for which the appellate courts are ill-suited.

The potential for widespread micromanagement of trial courts by the appellate courts can be seen in what has happened even after our decision in *Unkart*. Despite the holding in *Unkart* that the *Blue* case had no precedential value,[39] numerous appellate decisions have still considered whether judicial comments in a particular case required reversal in the absence of an objection. Although the number of opinions citing *Blue* has dropped since *Unkart*, looking only at cases since the beginning of 2015 as a representative snapshot, at least twenty-two cases have involved discussions of *Blue* that ultimately resulted in rejecting claims of improper judicial comments before a jury.[40]

---

[37] *See Smith v. State*, 297 S.W.3d 260, 271 (Tex. Crim. App. 2009).

[38] If a defendant believes that the defense attorney should have objected to a particular judicial comment, then an ineffective assistance claim could be filed in motion-for-new-trial or habeas proceedings and testimony could be obtained from the prosecutor and defense counsel regarding the tenor of the trial judge's remarks.

[39] *Unkart*, 400 S.W.3d at 101.

[40] *See Duke v. State*, No. 01-16-00245-CR, 2017 Tex. App. LEXIS 6870, *2-4 (Tex. App.– Houston [1st Dist.] July 25, 2017, pet. filed) (not designated for publication) (complaint that the trial court erred in "informing the venire that the jury has no right to nullify"); *Santschi v. State*, No. 14-15-00771-CR, 2017 Tex. App. LEXIS 6787, *11-13 (Tex. App.–Houston [14th Dist.] July 20, 2017, no pet.) (not designated for publication) (complaint that trial court commented on the weight of the evidence by admitting three different types of documents into evidence, alleging that this act

tainted the presumption of innocence); *Carielo v. State*, No. 04-15-00741-CR, 2017 Tex. App. LEXIS 6383, \*2-5 (Tex. App.–San Antonio July 12, 2017, no pet.) (not designated for publication) (complaint that trial court impermissibly commented on a witness's credibility when it swore in a witness as follows: "You understand what the truth means and everything else. Right? And you swear to tell the jury the truth. Right?"); *Orosco v. State*, No. 03-15-00383-CR, 2017 Tex. App. LEXIS 6111, \*23-28 (Tex. App.–Austin June 29, 2017, pet. filed) (not designated for publication) (complaint about the fact that trial court expressed frustration with the defendant's repeated failures to answer the questions asked and to instead provide unrelated commentary, which the court described as a "diatribe" on two occasions, and the court repeatedly warned the defendant that additional failures to answer the questions asked or to behave in the manner required in judicial proceedings could result in the imposition of limitations on his ability to testify); *Fraser v. State*, 523 S.W.3d 320, 338-39 (Tex. App.–Amarillo June 9, 2017, appellant's pet. ref'd, State's pet. granted) (complaint about a number of instructions or comments to the jury, such as: "Ladies and gentlemen, there is going to be a whole series of witnesses to which this instruction is going to apply, and I will be reading that instruction to you for every one of them, so you can get used to it."); *Tucker v. State*, No. 05-16-00297-CR, 2017 Tex. App. LEXIS 3067, \*7-9 (Tex. App.–Dallas April 6, 2017, no pet.) (not designated for publication) (complaint about trial judge's instruction to defendant to "remain quiet and act like you got some sense in this courtroom"); *Knott v. State*, 513 S.W.3d 779, 797-802 (Tex. App.–El Paso 2017, pet. ref'd) (complaint about trial court's explanations to venire about a defendant's right against self-incrimination, court of appeals held the case to be controlled by *Unkart*); *McDaniel v. State*, No. 05-15-01086-CR, 2016 Tex. App. LEXIS 13841, \*6-33 (Tex. App.–Dallas December 29, 2016, pet. ref'd) (not designated for publication) (complaint that various statements and actions of judge during trial showed judicial bias, including a statement about "beyond a reasonable doubt" duing voir dire, a statement about the potential sequence of events during voir dire, a statement to the defendant about how the State would likely proceed in the judge's absence, shaking his head "no" after defense counsel told the defendant he would have a limited right to appeal issues raised pretrial if he pled guilty pursuant to a plea agreement, an admonishment of defense counsel during defense counsel's opening statement, and various rulings on defense counsel's objections); *Jimenez v. State*, No. 13-13-00066-CR, 2016 Tex. App. LEXIS 12295, \*4-7 (Tex. App.–Corpus Christi-Edinburg November 17, 2016, pet. ref'd) (not designated for publication) (in overruling a defense objection to prosecutor's closing argument, trial judge stated, "I mean, it just tracks the evidence, overruled."); *Villarreal v. State*, 504 S.W.3d 494, 521-24 (Tex. App.–Corpus Christi-Edinburg 2016, pet. ref'd) (complaining about trial court's statement: "It's what the testimony is so far. I'll overrule the objection."); *Valtierra v. State*, No. 08-14-00261-CR, 2016 Tex. App. LEXIS 10330, \*23-27 (Tex. App.–El Paso September 21, 2016, no pet.) (not designated for publication) (complaint about trial court comments providing anecdotal examples of what may happen to the criminal justice system if it could not find enough qualified jurors to impanel a jury, discussing the issue of pretrial publicity, discussing the value of the jury system, and reminding the jury that despite such publicity, there are always two sides to the story); *Dupree v. State*, No. 02-15-00332-CR, 2016 Tex. App. LEXIS 9822, \*8-9 & n.4 (Tex. App.–Fort Worth August 31, 2016, no pet.) (not designated for publication) (complaint about trial court instructing defendant not to testify while cross-examining a witness); *Gonzales v. State*, 499 S.W.3d 502, 504-07 (Tex.

In at least two other cases during that time, the court of appeals expressly declined to address the issue of preservation, despite the apparent absence of an objection, and ultimately rejected the claims on the merits.[41] In the present case and at least one other during the time period, the court of appeals reversed the conviction on the basis of judicial comments or conduct even though no complaint was

---

App.–Houston [14th Dist.] 2016, pet. ref'd) (judge's questions and comments about pretrial interaction between defendant and some of the jurors); *Mendez v. State*, No. 04-15-00311-CR, 2016 Tex. App. LEXIS 5516, *24-29 (Tex. App.–San Antonio May 25, 2016, no pet.) (not designated for publication) (judge's statements to jury regarding when proceedings would likely be concluded) *Pitts v. State*, No. 05-14-01375-CR, 2016 Tex. App. LEXIS 3373, *16-23 (Tex. App.–Dallas March 31, 2016, no pet.) (not designated for publication) (trial court comment during voir dire: "The State's not required to prove guilt beyond all possible doubt. It's only required that the State prove to exclude all reasonable doubt concerning the Defendant's guilt"); *Denver v. State*, No. 05-14-00817-CR, 2016 Tex. App. LEXIS 1723, *4-9 (Tex. App.–Dallas February 18, 2016, pet. ref'd) (not designated for publication) (comments during voir dire, including one in which the trial judge misspoke); *Perez v. State*, No. 05-14-01196-CR, 2016 Tex. App. LEXIS 15, *1-7 (Tex. App.–Dallas January 5, 2016, no pet.) (not designated for publication) (judicial comment on reasonable doubt in voir dire); *Lyne v. State*, No. 13-13-00313-CR, 2015 Tex. App. LEXIS 9713, *10-13 (Tex. App.–Corpus Christi-Edinburg September 17, 2015, no pet.) (not designated for publication) (complaint about trial court's curative instructions); *Thomas v. State*, 470 S.W.3d 577, 592-94 (Tex. App.–Houston [1st Dist.] 2015), *aff'd*, 505 S.W.3d 916 (agreeing with statement of venireperson during voir dire); *Barfield v. State*, 464 S.W.3d 67, 78-80 (Tex. App.–Houston [14th Dist.] 2015, pet. ref'd), *cert. denied*, 136 S. Ct. 2411 (2016) (display of MADD plaque in courtroom); *Moore v. State*, No. 03-12-00787-CR, 2015 Tex. App. LEXIS 2638, *19-22 (Tex. App.–Austin March 20, 2015, pet. ref'd) (not designated for publication) (trial judge's question to venire member: "Can you consider the entire range of punishment, which is going to be up to life in the penitentiary, no less than five years, a very small possibility that under all of the circumstances probation will be available to this defendant?"); *Sanchez-Tapia v. State*, No. 07-14-00203-CR, 2015 Tex. App. LEXIS 2273, *12-16 (Tex. App.–Amarillo Mar. 10, 2015, pet. ref'd) (not designated for publication) (explanation for relevance ruling excluding evidence).

[41] *See Mohammed v. State*, No. 02-15-00127-CR, 2016 Tex. App. LEXIS 7200, *34-39 (Tex. App.–Fort Worth July 7, 2016, no pet.) (not designated for publication) (assuming without deciding that the defendant "was not required to preserve error on this point by timely objection"); *Baukus v. State*, Nos. 09-13-00397-CR, 2016 Tex. App. LEXIS 2463, *28-39 (Tex. App.–Beaumont March 9, 2016, pet. ref'd) (not designated for publication) (assuming without deciding that the issue was preserved regarding claim that judge was biased due to comments during voir dire, denial of motion for new trial, and response to defendant's testimony).

ever made at trial.[42] If, instead of *Unkart*'s suggestion that, at most, only a tiny minority of complaints about judicial comments in front of the jury are immune from preservation requirements, we now hold that *all* complaints about judicial comments in front of the jury are immune from preservation requirements, I believe that appellate courts will be inundated with such claims.[43]

---

[42] *See Proenza*, 471 S.W.3d at 47-55; *Drake v. State*, 465 S.W.3d 759 (Tex. App.–Houston [14th Dist.] 2015, no pet.) (arresting a prospective juror and comments during voir dire).

[43] Even when a judicial comment occurs while the parties are at the bench, an appellant may attempt to argue that it was in front of the jury. *See Martinez v. State*, No. 10-13-00431-CR, 2015 Tex. App. LEXIS 9035, *47-49 (Tex. App.–Waco August 27, 2015, no pet.) (not designated for publication) (comment during bench conference that the appellant alleged was in front of the jury). Moreover, with its disposition today, the Court does not address the "biased judge" rationale that the court of appeals derived from one of the concurring opinions in *Blue*. From 2015 through 2017, at least eleven other cases in the courts of appeals have involved discussions of *Blue* with respect to comments or actions by the trial court in nonjury settings or outside the presence of the jury where the appellate court ultimately rejected a claim of fundamental error. *Mumphrey v. State*, 509 S.W.3d 565, 568-69 (Tex. App.–Texarkana 2016, pet. ref'd) (statement by trial judge prior to sentencing that the defendant was "lucky" jury was not assessing punishment because of prior intoxication manslaughter case); *Bledsoe v. State*, No. 10-16-00047-CR, 2016 Tex. App. LEXIS 11100, *1-5 (Tex. App.–Waco October 12, 2016, no pet.) (not designated for publication) (statement during pretrial hearing: "I don't blame you" for declining plea offers of 40, 20, and 10 years on three charges, held error was not preserved); *Mughni v. State*, No. 05-15-00560-CR, 2016 Tex. App. LEXIS 8492, *16-19 (Tex. App.–Dallas August 8, 2016, no pet.) (not designated for publication) (trial court had explained, outside the jury's presence, possible deficiency in the State's showing that evidence was relevant for admissible purposes); *Carder v. State*, No. 09-15-00417-CR, 2016 Tex. App. LEXIS 6309, *2-5 (Tex. App.–Beaumont June 15, 2016, no pet.) (not designated for publication) (outside the jury's presence, judge asked prosecutors if they wanted to make an objection); *Morales v. State*, No. 06-15-00125-CR, 2016 Tex. App. LEXIS 957, *23-26 & n. 17 (Tex. App.–Texarkana January 26, 2016, no pet.) (not designated for publication) (comments in hearing outside jury's presence); *Silverio v. State*, No. 05-14-01412-CR, 2015 Tex. App. LEXIS 11426, *2-7 (Tex. App.–Dallas November 4, 2015, no pet.) (not designated for publication) (trial judge's questions of defendant during plea hearing); *Hatch v. State*, No. 05-13-01710-CR, 2015 Tex. App. LEXIS 8358, *20-23 (Tex. App.–Dallas Aug. 10, 2015, pet. ref'd) (not designated for publication) (claim that judge was biased during punishment hearing to the bench for improperly considering extrajudicial information, questioning a witness and the prosecutor, and preventing two State's witnesses from testifying); *Johnson v. State*, No. 05-14-00791-CR, 2015 Tex. App. LEXIS 8110, *1-4 (Tex. App.–Dallas July 31, 2015, pet. ref'd) (not designated for publication) (trial judge's questions and comments during punishment hearing to the bench); *Gaytan v. State*, No. 05-14-01315-CR, 2015 Tex. App. LEXIS 8098, *9-13 (Tex. App.–Dallas July 31, 2015, no pet.) (not designated for publication) (complaint about trial court's questions and comments before the plea

Most trial judges are hard-working and well-meaning, and we should not assume that they will ignore a party's claim that a comment is impermissible, or worse, punish the attorney's client for bringing the potential impermissibility of a judge's comment to the judge's attention. Instead of encouraging parties to sandbag judges and nitpick a judge's comments at the appellate level, we should be encouraging parties to tell the trial judge if they think something he has said is improper.[44]

I respectfully dissent.

Filed: November 15, 2017

Publish

---

and during and after defendant's testimony); *Lewis v. State*, No. 08-14-00210-CR, 2015 Tex. App. LEXIS 6613, *7-13, *8 n.3 (Tex. App.–El Paso June 26, 2015, no pet.) (not designated for publication) (complaints of bias based on statements made in adjudication and punishment hearing, addressing and rejecting the merits of the complaint after concluding that "[w]hether an objection to alleged bias of a trial judge is required to raise the issue on appeal is an open question"); *Long v. State*, No. 13-13-00579-CR, 2015 Tex. App. LEXIS 309, *10-16 (Tex. App.–Corpus Christi Jan. 15, 2015, pet. ref'd) (not designated for publication) (questioning defendant during punishment hearing to the bench). The proliferation of bench trial claims is another reason to disavow the *Blue* decision in its entirety.

[44] In his concurrence, Judge Newell contends that the nature of the right, not judicial efficiency, should determine whether a right is forfeitable. Although my dissent does address the fact that the Court's opinion will likely result in an avalanche of unmeritorious appellate claims, my main point is that the nature of the right prescribed by Article 38.05 argues in favor of it being forfeitable. This right, which is not constitutional and does not exist in the federal system, is a right to be free of commentary by the trial judge on the evidence in the case. If the defendant thinks the trial judge has strayed into the area of improper commentary under Texas law, he should point that out and seek a curative instruction. The concurrence worries about an "admittedly partial tribunal," but the right to an unbiased judge is not the same as the right to be free from judicial commentary. Even if Article 38.05 may in some way help safeguard the right to an impartial tribunal, we have recognized in other contexts that a statutory right designed to safeguard a constitutional right is not necessarily treated the same as the constitutional right itself. *See Gray v. State*, 159 S.W.3d 95, 97 (Tex. Crim. App. 2005) (violation of statute designed to help protect constitutional right to a jury that is a fair cross section of the community is subject to non-constitutional harm analysis); *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993) (claim based on statute designed to safeguard right to jury trial not cognizable on habeas corpus).